**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Kevin E. SCHMUDE, Defendant–Appellant.**

**No. 89–1478.**

United States Court of Appeals, Seventh Circuit.

Argued June 8, 1989.

Decided April 9, 1990.

See also, D.C., 699 F.Supp. 200.

R. Jeffrey Wagner and Susan Knepel, Asst. U.S. Attys., Office of the U.S. Atty., Milwaukee, Wis., for plaintiff-appellee.

Marna M. Tess–Mattner, Jeffrey A. Kaufman, Gimbel, Reilly, Guerin & Brown, Milwaukee, Wis., for defendant-appellant.

Before CUDAHY, FLAUM, and KANNE, Circuit Judges.

KANNE, Circuit Judge.

Kevin Schmude pleaded guilty to one count of dealing in firearms without a license, in violation of 18 U.S.C. § 922(a)(1), and one count of being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1). Prior to sentencing pursuant to the United States Sentencing Commission Guidelines (the "Guidelines"), the federal probation officer assigned to Schmude's case recommended a total offense level of nine and determined that Schmude's Criminal History Category was VI. Under those calculations, the Guidelines sentencing range was 21 to 27 months. At Schmude's sentencing hearing, the district judge accepted those calculations as correct. Nonetheless, the judge concluded that an upward departure from the Guidelines was warranted because Schmude's Criminal History Category underrepresented Schmude's criminal history and the likelihood he would commit further crimes. On that basis, the judge sentenced Schmude to 60 months in prison on each count, both to run concurrently with each other and with a state sentence Schmude is presently serving in Wisconsin.

On appeal, Schmude objects to the district court's computation of his total offense level and the court's decision to depart upward from the Guidelines sentencing range. For the reasons discussed below, we affirm in part, reverse in part, and remand for resentencing.

### Computation of the Offense Level

■ Schmude contests only one computation on appeal. He contends the district judge erred in refusing to reduce his total offense level from nine to eight for being a convicted felon in possession of a firearm because the judge incorrectly applied Guideline § 2K2.1(c)(1). That Guideline states that a court should apply the guideline for possession of a firearm by a convicted felon, except where "the defendant used the firearm in committing or attempting another offense...." In such cases, the court should "apply the guideline in respect to such other offense, or § 2X1.1 (Attempt or Conspiracy) if the resulting offense level is higher than that [for possession of a firearm by a convicted felon]."

Possession of a firearm by a convicted felon carries a base offense level of nine. Guidelines § 2K2.1(a). Unlawful dealing in firearms, an offense for which Schmude used a firearm, carries a base offense level of six. Guidelines § 2K2.3(a)(2). This was increased two levels to eight pursuant to Guideline § 2K2.3(b)(2)(A) because Schmude believed that one undercover agent he sold a gun to was a convicted felon. Schmude contends that under § 2K2.1(c)(1), the district judge had to either (1) apply the Guideline for unlawful dealing in firearms, which carries an offense level of eight; or (2) apply the Guideline for attempt or conspiracy to unlawfully deal in firearms, but only if the offense level for attempt or conspiracy was higher than the offense level of nine for possession of a firearm by a convicted felon (which in this case it is not). In other words, Schmude contends that under § 2K2.1(c)(1), the district judge should have applied the Guideline for dealing in firearms without a license instead of the Guideline for possession of a firearm by a convicted felon. We disagree.

The plain language of § 2K2.1(c)(1) indicates that a court should apply the Guideline for possession of a firearm by a convicted felon unless the defendant uses the firearm in committing another offense *and* the offense level for the other offense *is higher* than the offense level for mere possession of the firearm. Here, the offense level for unlawful dealing in firearms is not higher than the offense level for possession of a firearm by a convicted felon. Thus, the district judge correctly assigned Schmude an offense level of nine for being a felon in possession of a firearm.

Clearly, Guideline § 2K2.1(c)(1) was designed to provide an enhancement for conduct committed with a firearm if that conduct has a greater offense level than that for mere possession of the firearm. Under Schmude's reading of § 2K2.1(c)(1), the phrase "if the resulting offense level is higher" does not apply to the phrase "if the defendant used the firearm in committing or attempting another offense, apply the guideline in respect to such other offense...." Such a reading would lead to an absurd result in this case. Schmude was assigned an offense level of nine for being a convicted felon in possession of a firearm. Under Schmude's reading of § 2K2.1(c)(1), he would have the district judge reward him for then committing the subsequent offense of illegally selling the firearm.

### Upward Departure from the Guideline Range

■ We review a district court's departure from the Guidelines sentencing range to determine whether it was reasonable in light of the district court's explanations for its departure at the time of sentencing. 18 U.S.C. §§ 3553(c), 3742(e)(3); *United States v. Jordan*, 890 F.2d 968, 972 (7th Cir.1989); *United States v. Miller*, 874 F.2d 466, 471 (7th Cir.1989). In light of the factors articulated by the district court, we do not think the court's upward departure was reasonable.

■ A sentencing court is not generally allowed to depart from a Guidelines sen-

tencing range unless the court finds aggravating or mitigating circumstances of a kind, or to a degree, not adequately taken into consideration by the Sentencing Commission in formulating the Guidelines. 18 U.S.C. § 3553(b); *Jordan*, 890 F.2d at 974; *United States v. Savage*, 888 F.2d 528, 529 (7th Cir.1989). Thus, if the Guidelines do not capture circumstances of the case which the district court determines are relevant to a proper sentence, the district court may factor those circumstances into its sentencing decision. Guidelines Policy Statement § 5K2.0; *Jordan*, 890 F.2d at 974. More specifically, Guideline § 4A1.3 provides that a court may depart upward from an otherwise applicable Guideline range if reliable information indicates that a defendant's Criminal History Category does not adequately reflect the seriousness of the defendant's past criminal conduct or the likelihood the defendant will commit other crimes.

At Schmude's sentencing hearing, the district judge reasoned that Schmude's Criminal History Category underrepresented Schmude's prior criminal conduct and the likelihood he would commit further crimes.

■ One ground the district judge relied on to depart upward was that Schmude had recently been convicted and sentenced on a cocaine distribution charge in a Wisconsin state court. This would not support a departure, however, because the conviction for cocaine distribution was included in calculating Schmude's Criminal History Category, and thus, was factored into Schmude's Guideline range. In fact, the state conviction added three points to the ultimate criminal history calculation and bumped Schmude's Criminal History Category from V up to VI.

■ The district judge also stated that the Guidelines did not seem to take into account the fact that Schmude had previously been convicted for being a felon in possession of a firearm and that this was "the second time around." The district judge was concerned that the prior conviction and sentence was for the same offense. The Commission appears to have

given some consideration to this issue. Among the information for departure listed in Guideline § 4A1.3, subsection (e) lists "[p]rior similar adult criminal conduct not resulting in a criminal conviction." However, in calculating a defendant's Criminal History Category, the Guidelines treat all prior convictions equally whether or not they are similar to the offense for which a defendant is being sentenced. Rationally, if a defendant has been convicted for the same offense more than once, he has demonstrated the need for greater sanctions to deter him from committing that same crime again—greater sanctions than might be required for a defendant who has never been convicted of a similar offense. Indeed, the Fifth Circuit has concluded that similarity between previous convictions and the charged offense supports a finding of an inadequate criminal history level. *See United States v. De Luna–Trujillo*, 868 F.2d 122, 125 (5th Cir.1989) (upholding departure for marijuana possession based on similarity between that offense and previous conviction for possession of marijuana); *United States v. Fisher*, 868 F.2d 128, 130 (5th Cir.), *cert. denied*, —— U.S. ——, 110 S.Ct. 111, 107 L.Ed.2d 73 (1989) (upholding departure for transporting a stolen tractor based, in part, on repeated convictions for possession of stolen trucks). We believe the approach of the Fifth Circuit to be entirely appropriate and the district judge in this case correctly identified an inadequate aspect of the computation of Schmude's Criminal History Category.

■ But our review cannot end there. The actual degree of departure must also be reasonable. *Jordan*, 890 F.2d at 977; *United States v. Roberson*, 872 F.2d 597, 607 (5th Cir.), *cert. denied*, —— U.S. ——, 110 S.Ct. 175, 107 L.Ed.2d 131 (1989); *United States v. Ryan*, 866 F.2d 604, 610 (3d Cir.1989). In considering departure from the Guidelines, a sentencing judge would normally use, as a reference in determining degree of departure, the Guideline range for the Criminal History Category that most closely resembles defendant's criminal history. Guidelines § 4A1.3; *United States v. Miller*, 874 F.2d 466, 470–

71 (7th Cir.1989). However, that procedure is not applicable here since Schmude is already in the highest Criminal History Category (VI). The Guidelines recognize that a sentence above the Guideline range may be warranted in the case of a defendant in Criminal History Category VI. *See* Guidelines § 4A1.3. When a defendant is already in the highest Criminal History Category, however, there is no Guideline procedure a judge can reference to help determine a proper degree of departure. Thus, the question of degree of departure is solely one of reasonableness. A decision based on reasonableness is afforded a deferential standard of review recognizing that sentencing judges should be given considerable leeway in determining degree of departure. *See United States v. Wilfredo Diaz–Villafane,* 874 F.2d 43, 49–50 (1st Cir.), *cert. denied,* — U.S. —, 110 S.Ct. 177, 107 L.Ed.2d 133 (1989) (court will not lightly disturb decisions implicating degrees of departure).

■ While viewing with a deferential eye, reasonableness still implies that some effort must be made to fashion the degree of departure to correspond to the number and the nature of the factors which warrant departure. The structure of the Sentencing Table found in the Guidelines can be a useful tool in determining how much of a departure is "reasonable." Guidelines Sentencing Table, Chapter 5, Part A. For any given offense level, the Guidelines sentencing range increases roughly ten to fifteen percent from one Criminal History Category to the next higher category. In the case of a Category VI defendant, a sentencing judge can use this ten to fifteen percent increase to guide the departure. For example, if the grounds justifying a conclusion that Category VI is inadequate would normally have warranted a one category increase in the defendant's Criminal History Category, the sentencing judge should consider sentencing the defendant within a range ten to fifteen percent higher than the range corresponding to Criminal History Category VI.

■ In *United States v. Jordan,* we were faced with a 37 percent increase from the top of the applicable Guideline range for a defendant in Criminal History Category VI. We held that this increase was reasonable where it was based on three aggravating circumstances not accounted for in the Guidelines: 1) attempt to flee and assault of an officer at the time of arrest; 2) continued use of and dealing in drugs while awaiting a sentence on a drug charge; and 3) past criminal conduct not accounted for in defendant's Criminal History Category. 890 F.2d at 976–77. Here, the repeat nature of Schmude's offense was the only factor that warranted an upward departure. Nonetheless, Schmude was sentenced to a term of imprisonment more than double the maximum applicable Guideline range. We do not think the aggravating circumstance in this case can reasonably warrant a departure of this magnitude.

Because the departure from the Guidelines was not reasonable, we must vacate Schmude's sentence and remand the case for resentencing consistent with this opinion. 18 U.S.C. § 3742(f)(2); *Miller,* 874 F.2d at 471.

■ With regard to resentencing, we note that Schmude could serve the same or more actual time in custody for this conviction than he would under his present sentence if the district court sentences within the Guideline range and imposes the sentence to run consecutive rather than concurrent to Schmude's state sentence. The Sentencing Reform Act and amended Guideline § 5G1.3 preserve a sentencing court's discretion to impose either concurrent or consecutive sentences in a case such as Schmude's. Title 18, Section 3584(a) of the United States Code, which is part of the Sentencing Reform Act, provides that, "if a term of imprisonment is imposed on a defendant who is already subject to an undischarged term of imprisonment, the terms may run concurrently or consecutively.... Multiple terms of imprisonment imposed at different times run consecutively unless the court orders that the terms are to run concurrently." 18 U.S.C. § 3584(a). Guideline § 5G1.3, as amended effective November 1, 1989, allows concurrent or consecutive sentences in

all cases unless the sentence is for an offense "committed *while the defendant was serving a term of imprisonment* (including work release, furlough, or escape status).…" Guidelines § 5G1.3 (Nov.1989) (emphasis added). Schmude was not serving an unexpired term of imprisonment when he committed the offense in this case. However, he was serving a state sentence when he was sentenced for the present offense. The commentary to the amended version of § 5G1.3 makes clear that "[w]here the defendant is serving an unexpired term of imprisonment, but did not commit the instant offense while serving a term of imprisonment, the sentence for the instant offense may be imposed to run consecutively or concurrently with the unexpired term of imprisonment." The amended version gives a sentencing judge more discretion than the original § 5G1.3, which provided that a sentence imposed under the Guidelines "shall run consecutive" to *any* unexpired sentence a defendant was serving at the time of sentencing. *See United States v. Rogers,* 897 F.2d 134 (4th Cir. 1990); *United States v. Smitherman,* 889 F.2d 189, 191 (8th Cir.1989); *United States v. Wills,* 881 F.2d 823, 826 (9th Cir.1989); *United States v. Fossett,* 881 F.2d 976, 980 (11th Cir.1989) (discussing resolution of conflict between sentencing court's discretion to impose concurrent or consecutive sentences under 18 U.S.C. § 3584(a) and limits to that discretion under § 5G1.3).

While district courts are given broad discretion on whether to impose consecutive or concurrent sentences, we urge them to refrain from departing upward from the Guidelines and then imposing the sentence concurrent with an unexpired sentence if they can accomplish the same length of incarceration by sentencing within the Guideline range and imposing the sentence to run consecutive to an unexpired sentence.

For the foregoing reasons, the decision of the district court is AFFIRMED in part, REVERSED in part, and REMANDED for resentencing in accordance with this opinion.