909 F.2d 1487
 Unpublished Disposition
NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Virgil WINTERS, Defendant-Appellant.
 No. 89-3748.
 United States Court of Appeals, Seventh Circuit.
 Submitted July 31, 1990.
Decided Aug. 8, 1990.
 
 Before COFFEY and FLAUM, Circuit Judges, and PELL, Senior Circuit Judge.
 
 ORDER
 
 1
 Defendant-appellant Virgil Winters pleaded guilty to one count of conspiracy to distribute over 500 grams of cocaine under 21 U.S.C. Sec. 846 and one count of distribution of over 500 grams of cocaine under 21 U.S.C. Sec. 841(a)(1). His appointed counsel filed a notice of appeal from that conviction. Counsel now seeks to withdraw from representing Winters because any appeal would be frivolous and without merit. See Anders v. California, 386 U.S. 738 (1967). Winters was notified of his right to respond to the motion under Circuit Rule 51(a), but has not done so. We grant appointed counsel's motion to withdraw.
 
 
 2
 In the Anders brief, counsel raises the following issues which conceivably could be argued on appeal: (1) the sentence was excessive and an abuse of discretion; (2) the probation officer's estimate of the Parole Guidelines was prejudicial; and (3) the district court erred by not sentencing Winters under the Sentencing Guidelines. We agree that appeal on these issues would be frivolous.
 
 
 3
 Count I, the conspiracy charge, carried a maximum penalty of forty years with no mandatory minimum. Section 846. Count II, the distribution charge, carried a mandatory minimum of five years and a maximum penalty of forty years, plus a fine. Section 841(a)(1). On Count II, the district court sentenced Winters to a term of eight years imprisonment to run concurrently with a state sentence, followed by a four year special parole term. On Count I, the court sentenced Winters to a suspended sentence of five years imprisonment and five years probation to commence at the expiration of the sentence in Count 2. The sentence did not exceed the statutory range, and the record reveals no evidence that improper factors were considered in imposing the sentence. See United States v. Sato, 814 F.2d 449, 451 (7th Cir.), cert. denied, 484 U.S. 928 (1987).
 
 
 4
 At the sentencing hearing, Winters challenged the probation officer's calculation in the presentence report regarding the offender characteristic level. Such estimates by a probation officer are not binding on either the district court or the United States Parole Commission. Congress has delegated sole discretionary authority to grant or deny parole to the Commission. Augustine v. Brewer, 821 F.2d 365, 368 (7th Cir.1987). Although misinformation of a constitutional magnitude would not be harmless error, any error in the calculation was harmless.
 
 
 5
 Finally, the district court did not err by failing to sentence Winters under the Sentencing Guidelines. The Guidelines apply to charged offenses committed after November 1, 1987. United States v. Miller, 874 F.2d 466, 467 n. 1 (7th Cir.1989). The indictment stated that the actions underlying Count I took place "from about 1986 through at least November 1987," and those underlying Count II took place "[f]rom about November 1986 to about November 1, 1987." At the guilty plea hearing, the government conceded that it would be unable to prove any overt act in furtherance of the conspiracy or act in furtherance of the distribution after November 1, 1987. As a result, the Guidelines were inapplicable.
 
 
 6
 The motion to withdraw is GRANTED and the appeal is DISMISSED.