946 F.2d 897
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Ralph HERNANDEZ, Defendant-Appellant.
 No. 91-1214.
 United States Court of Appeals, Seventh Circuit.
 Submitted Oct. 1, 1991.*
Decided Oct. 10, 1991.
 
 Before CUMMINGS, CUDAHY, and KANNE, Circuit Judges.
 
 ORDER
 
 1
 Ralph Hernandez was convicted of possessing an unregistered firearm with an obliterated serial number, in violation of 26 U.S.C. §§ 5861(d) and 5872, and sentenced under the Sentencing Reform Act to thirty-three months in prison, such term to run consecutive with the six-year state sentence he is presently serving for burglary in Illinois. Hernandez appeals this sentence, contending that the imposition of consecutive time for his federal offense was a mistake under Guideline § 5G1.3. We affirm.
 
 
 2
 Guideline § 5G1.3 preserves a district court's discretion to impose either a concurrent or consecutive sentence in a case like this, see United States v. Schmude, 901 F.2d 555, 560-61 (7th Cir.1990), and Hernandez concedes as much in his brief. He argues that the district court abused its discretion because it concluded, on the basis of an erroneous interpretation of the Illinois good time statute, that a concurrent sentence would not add more prison time to his state sentence. As the government points out, however, this argument takes the district court's ruling out of context. The transcript of the sentencing hearing shows that the district court felt a concurrent sentence was insufficient punishment given the serious nature of Hernandez's state and federal crimes, and imposed a consecutive sentence on this basis, and not on the basis of any interpretation of the Illinois good time statute. (See Tr. 14).
 
 
 3
 Hernandez also argues that the district court "totally ignored the methodology required by the comment" to § 5G1.3. But the commentary requires no particular methodology. Rather, it leaves the decision whether to impose consecutive or concurrent sentences where it properly belongs, with the district court. See Schmude, 901 F.2d at 561.
 
 
 4
 AFFIRMED.
 
 
 
 *
 After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court in this case. The notice provided that any party might file a "Statement as to Need of Oral Argument." See Fed.R.App.P. 34(a); Circuit Rule 34(f). Hernandez has filed such a statement and requested oral argument. Upon consideration of that statement, the briefs, and the record, the request for oral argument is denied and the appeal is submitted on the briefs and record