UNITED STATES of America,
Plaintiff–Appellee,

v.

David L. GLAS, Defendant–Appellant.

No. 90–3522.

United States Court of Appeals,
Seventh Circuit.

Argued Sept. 4, 1991.

Decided March 16, 1992.

Morris Pasqual (argued), Office of U.S. Atty., Criminal Div., Barry R. Elden, Asst. U.S. Atty., Office of U.S. Atty., Criminal Receiving, Appellate Div., Chicago, Ill., for plaintiff-appellee.

Arthur Neville (argued), Chicago, Ill., for defendant-appellant.

Before CUMMINGS, WOOD, Jr.* and KANNE, Circuit Judges.

KANNE, Circuit Judge.

David Glas pleaded guilty to a one count information charging him with theft of mail in violation of 18 U.S.C. § 1708. The plea agreement recommended his imprisonment at 21 to 27 months in accordance with the Sentencing Guidelines. However, the presentence investigation by the probation department revealed a discrepancy in the total amount of money involved, so Glas and the government agreed to the amended amount and a recommended imprisonment term of 24 to 30 months. On the day of sentencing, the district court informed Glas it was considering an upward departure from the Guidelines given his lengthy criminal history. The court *sua sponte* continued the sentencing to give the parties time to brief the issue.

■ The district court subsequently departed upwards from the Guidelines and sentenced Glas to 48 months imprisonment. Glas' criminal history background shows 19 prior convictions.[1] This criminal background totals 39 criminal history points, which placed Glas in category VI, the highest category in the Guidelines.[2] Glas total adjusted offense level of 10, along with his criminal history category of VI, made his

---

* Judge Wood, Jr., assumed senior status on January 16, 1992, which was after oral argument of this case.

1. These convictions include theft, forgery, possession of controlled substances, possession of stolen mail, bail jumping and theft by deception. As the district court noted, Glas acknowl-

edges that much of his criminal activity stems from his addiction to heroin, and his need to support his habit.

2. Under the Guidelines, a defendant with *13* criminal history points is assigned to level VI.

Guideline sentencing range 24 to 30 months. However, the district court found that Glas' long (and continuing) involvement in crime required an upward departure from the Guidelines. The district court reasoned that, given the fact that category VI requires only 13 points, the drafters of the Guidelines in no way anticipated a criminal with a record like Glas' (39 points: three times the required number for the highest level within the category) to fit within that category. As a result, the court expanded the Guideline range of categories. The district judge determined that, after criminal history level II, a defendant falls into a higher criminal history level with every 3 point increase in his criminal history points, and, therefore, Glas' 39 criminal history points would place him into category XIV. Using a pattern of a 3 month increase of the minimum sentence with an increase in the criminal history level at offense level 10, the district judge determined that category XIV should have a sentencing range of 48 to 54 months, and sentenced Glas to 48 months imprisonment.[3] Glas appeals and we affirm.

■ We review a district court's departure from the Guidelines sentencing range to determine whether it was reasonable in light of the district court's explanations for its departure at the time of sentencing. 18 U.S.C. §§ 3553(c), 3742(e)(3); *United States v. Schmude,* 901 F.2d 555, 558 (7th Cir. 1990); *United States v. Jordan,* 890 F.2d 968, 972 (7th Cir.1989). In light of the factors articulated by the district court, we find the court's upward departure was reasonable.

In *Schmude* we stated:

A sentencing court is not generally allowed to depart from a Guidelines sentencing range unless the court finds aggravating or mitigating circumstances of a kind, or to a degree, not adequately taken into consideration by the Sentencing Commission in formulating the Guidelines. 18 U.S.C. § 3553(b); *Jordan,* 890 F.2d at 974; *United States v. Savage,* 888 F.2d 528, 529 (7th Cir.1989) [, *cert. denied,* 495 U.S. 959, 110 S.Ct. 2567, 109 L.Ed.2d 750 (1990)]. Thus, if the Guidelines do not capture circumstances of the case which the district court determines are relevant to a proper sentence, the district court may factor those circumstances into its sentencing decision. Guidelines Policy Statement § 5K2.0; *Jordan,* 890 F.2d at 974. More specifically, Guideline § 4A1.3 provides that a court may depart upward from an otherwise applicable Guideline range if reliable information indicates that a defendant's Criminal History Category does not adequately reflect the seriousness of the defendant's past criminal conduct or likelihood the defendant will commit other crimes.

901 F.2d at 558–59. The aggravating circumstances that Glas had 19 prior convictions, that he committed the instant offense less than two years after his release from

3. The district court presented the following chart:

|  | Criminal History Level | As applied to a Total Adjusted Offense Level of 10 |
|---|---|---|
| I | 0– 1 Criminal history points | 6–12 months imprisonment |
| II | 2– 3 | 8–14 |
| III | 4– 6 | 10–16 |
| IV | 7– 9 | 15–21 |
| V | 10–12 | 21–27 |
| VI | 13 or more /(now 13–15) | 24–30 |
| VII | 16–18 | 27–33 |
| VIII | 19–21 | 30–36 |
| IX | 22–24 | 33–39 |
| X | 25–27 | 36–42 |
| XI | 28–30 | 39–45 |
| XII | 31–33 | 42–48 |
| XIII | 34–36 | 45–51 |
| XIV | 37–39 | 48–54 |

federal prison, and that he was on state probation at the time he committed the offense support a departure from the Guideline range.[4]

 The actual degree of departure must also be reasonable. *Schmude,* 901 F.2d at 559; *United States v. Ferra,* 900 F.2d 1057, 1061 (7th Cir.1990); *Jordan,* 890 F.2d at 977. "In considering departure from the Guidelines, a sentencing judge would normally use, as a reference in determining the degree of the departure, the Guideline range for the Criminal History Category that most closely resembles defendant's criminal history." *Schmude,* 901 F.2d at 559; *see* Guidelines § 4A1.3; *United States v. Miller,* 874 F.2d 466, 470–71 (7th Cir.1989). As in *Schmude,* however, that procedure is not applicable here because Glas is already in the highest criminal history category (VI).

Although the Guidelines recognize that a sentence above the Guideline range may be warranted in the case of a defendant in criminal history category VI, *see* Guideline § 4A1.3, "[w]hen a defendant is already in the highest Criminal History Category ... there is no Guideline procedure a judge can reference to help determine a proper degree of departure. Thus, the question of degree is solely one of reasonableness. A decision based on reasonableness is afforded a deferential standard of review recognizing that sentencing judges should be given considerable leeway in determining degree of departure." *Schmude,* 901 F.2d at 560; *United States v. Gaddy,* 909 F.2d 196, 199 (7th Cir.1990) (court must "give deference to the district court's findings on what degree of departure is appropriate so long as it adequately reflects the structure of the Guidelines.").

Using the Guideline range, the district court expanded the categories and imprisonment terms to more properly reflect Glas' criminal history background. *See*

*Schmude,* 901 F.2d at 506 (structure of Sentencing Table found in Guidelines is a useful tool in determining how much departure is "reasonable"); *Ferra,* 900 F.2d at 1062; *United States v. Scott,* 914 F.2d 959, 965 (7th Cir.1990) ("If the court exhausts the possibilities provided by the criminal history table, it should consider increases based on the incremental ranges between criminal history categories or offense levels."). Under the circumstances, we find the district court's degree of departure from the Guidelines was reasonable.

For the foregoing reasons, we AFFIRM the district court's sentencing of David Glas.

---

4. The district court properly rejected Glas' argument that an upward departure is only appropriate for defendants with a record of committing crimes of violence. The court stated, "the fact that [Glas'] convictions were not for violent crimes does not mean that the convictions were not for serious offenses."