985 F.2d 554
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES OF AMERICA, Plaintiff-Appellee,
v.
Brian Dale PARRISH, Defendant-Appellant.
 No. 92-5027.
 United States Court of Appeals,
Fourth Circuit.
 Argued: October 2, 1992
Decided: February 4, 1993
 
 Appeal from the United States District Court for the Middle District of North Carolina, at Durham. Norwood Carlton Tilley, Jr., United States District Judge. (CR-91-169)
 ARGUED: James B. Craven, III, Durham, North Carolina, for Appellant.
 Paul Alexander Weinman, Assistant United States Attorney, Greensboro, North Carolina, for Appellee.
 ON BRIEF: Robert H. Edmunds, Jr., United States Attorney, Greensboro, North Carolina, for Appellee.
 M.D.N.C.
 AFFIRMED.
 Before HALL and WILKINS, Circuit Judges, and SPROUSE, Senior Circuit Judge.
 PER CURIAM:
 
 
 1
 Brian Dale Parrish appeals the sentence he received from the United States District Court for the Middle District of North Carolina following his conviction of credit card fraud in violation of 18 U.S.C. § 1029(a)(3). Parrish argues that the sentencing judge erred in departing upward from the United States Sentencing Guidelines range of 12 to 18 months under criminal history category VI to a sentence of 34 months.
 
 
 2
 Parrish's criminal history spans over fifteen years. From the time he was eighteen until he was sentenced, Parrish was convicted in North Carolina state court of over twenty criminal offenses. His state criminal record includes prior convictions for credit card fraud, obtaining property by false pretenses, assaulting a police officer with a vehicle, assault with a deadly weapon inflicting serious bodily injury, possession of drugs, and possession of drug paraphernalia. At the time of sentencing, Parrish was serving a ten-year state prison sentence for breaking and entering and larceny related to the credit card fraud conviction.
 
 
 3
 The probation officer who prepared Parrish's presentence report computed his total offense level under the Guidelines as 6 and his criminal history category at VI.[1] At these levels, she suggested a sentence in a Guidelines range of 12 to 18 months plus 2 to 3 years of supervised release.
 
 
 4
 The probation officer also recommended that the district court make an upward departure from the applicable Guidelines range. She posited that a criminal history category of VI did not adequately reflect the seriousness of Parrish's criminal history and his propensity to commit further crimes. The presentence report reflected that, in addition to previous state sentences for individual crimes, Parrish had in several instances received one sentence for multiple state crimes consolidated for sentencing purposes. The probation officer noted that Parrish's criminal history did not include points for each of these prior consolidated sentences.[2] As required by the Guidelines, the probation officer treated each of the consolidated convictions as one sentence for her calculation of Parrish's criminal history points. She listed these points, in the criminal history section of the presentence report, next to the first consolidated conviction. The other convictions within the consolidated group received no criminal history points. The report also did not tabulate any criminal history points for five additional convictions that fell outside the Guidelines' applicable time period.3
 
 
 5
 After reviewing Parrish's extensive criminal history, the district court followed the recommendation for an upward departure. The court arrived at the ultimate sentence by a specific calculation of points. In order to reflect more accurately the seriousness of Parrish's criminal history, it recalculated the criminal history points allocated to his prior convictions-assigning one point for each crime rated as zero in the presentence report because they had been consolidated for sentencing or fell outside the Guidelines' time provisions. This calculation resulted in fifteen additional criminal history points. The court added these points to the existing seventeen points for a total criminal history score of thirty-two. The district court then extrapolated from the Guidelines to create six criminal history categories above category VI. The court arrived at an ultimate range of 30 to 37 months and sentenced Parrish to 34 months plus three years of supervised release.
 
 
 6
 * Parrish complains that his 34-month sentence resulted from an incorrect application of the Guidelines. He criticizes the district court's separation of his consolidated state convictions to increase his criminal history category points, arguing that sections 4A1.1 and 4A1.2 of the Guidelines require consolidated sentences to be considered as one sentence in calculating criminal history category points. Additionally, he maintains that the district court should have considered only his prior offenses similar to the instant charge for an upward departure. Finally, he argues that the court erred by also considering his outdated offenses. We disagree.
 
 
 7
 It is true that section 4A1.2(a)(2) of the Guidelines provides that all offenses included in a consolidated case receive points as if they were one sentence. However, the Sentencing Commission pointed out that this treatment of consolidated sentences allows a sentencing court, in appropriate circumstances, to depart upward from the Guidelines. United States Sentencing Commission, Guidelines Manual ("U.S.S.G.") §§ 4A1.2 commentary 3, 4A1.3(b), p.s. The Commission contemplated that counting all consolidated cases as one sentence may result in a criminal history score that "underrepresents the seriousness of the defendant's criminal history and the danger that he presents to the public." Section 4A1.2 commentary 3; see United States v. Hines, 943 F.2d 348, 354-55 (4th Cir.) (upholding an upward departure where the court added additional points for the defendant's two prior felony murder convictions that had been consolidated for sentencing), cert. denied sub nom. Hall v. United States, 112 S. Ct. 613 (1991). We also find no merit in Parrish's contentions that the district court should not have considered dissimilar and/or outdated offenses. See United States v. Rusher, 966 F.2d 868, 883 (4th Cir. 1992). Because of the seriousness of Parrish's criminal history, we conclude that the district court's upward departure was warranted.
 
 II
 
 8
 Parrish next argues that his sentence is excessive and unreasonable under the Guidelines. He challenges the method and extent of the district court's departure above category VI. He contends that the court erred in creating criminal history categories above category VI. Alternatively, he maintains that the court should have stopped at some intermediate point in its extrapolation. We find these arguments also without merit.
 
 
 9
 The Sentencing Commission anticipated that in a"case of an egregious serious criminal record" a sentence above criminal history category VI may be warranted. U.S.S.G § 4A1.3, p.s. The Commission, however, did not provide guidance for this type of departure. United States v. Kalady, 941 F.2d 1090, 1100 (10th Cir. 1991). But, as we stated in United States v. Cash, No. 91-5869 (4th Cir. Dec. 14, 1992), when a court determines that criminal history category VI is inadequate, it:
 
 
 10
 may determine the extent of a departure by extrapolating from the existing sentencing table. Additional Criminal History Categories above Category VI may be formulated in order to craft a departure that corresponds to the existing structure of the guidelines. In determining the extent of a departure based on inadequacy of criminal history above Criminal History Category VI, the court should move to successively higher categories only upon finding that the prior category does not provide a sentence that adequately reflects the seriousness of the defendant's criminal conduct.
 
 
 11
 Id., slip op. at 6 (citations and footnote omitted). Five of our sister circuits have reached the same result. See United States v. Nilsen, 967 F.2d 539, 546 (11th Cir. 1992) (endorsing extrapolations along the horizontal axis for an upward departure above criminal history category VI); United States v. Streit, 962 F.2d 894, 905-06 (9th Cir.) (same), cert. denied, 113 S. Ct. 431 (1992); United States v. Osborne, 948 F.2d 210, 214 (6th Cir. 1991) (same); United States v. Kalady, 941 F.2d 1090, 1100-01 (10th Cir. 1991) (same); United States v. Schmude, 901 F.2d 555, 560 (7th Cir. 1990) (same).
 
 
 12
 The district court took this approach here. It extrapolated beyond criminal history category VI in the same point increments that separated categories III, IV, V, and VI. It simulated six additional criminal history categories and by extending the same sentencing scheme of categories V and VI, added three months to the minimum and maximum sentences in each category. The court explained its extrapolation as follows:
 
 
 13
 [S]tarting with criminal history category III, then moving on, that's four, five or six points, IV is seven, eight and nine; V is ten, 11 and 12-if, then, you ascribed to criminal history category VI, 13, 14, 15, and went to the next one, 16, 17 and 18, for this case would be in a 15to 21-month range; 19, 20 and 21 would be an 18to 24-month range; 22, 23, and 24 would be 21 to 27 months; 25, 26 and 27 would be a guideline range of 24 to 30 months; 28, 29 and 30 would be a range of 27 to 33 months; 31, 32, and 33, which would be the appropriate range for this case, would be 30 to 37 months.
 
 
 14
 The court concluded that its upward departure was reasonable because Parrish's "criminal history score underrepresented the seriousness of his criminal history" and sentenced Parrish to 34 months in prison.
 
 
 15
 We are persuaded that the district court's extrapolation from the Guidelines and the degree of its departure were reasonable. Therefore, the judgment of the district court is affirmed.
 
 AFFIRMED
 
 
 [1]
 There is no dispute over the original Guidelines calculation of an offense level of 6 and a criminal history category of VI
 
 
 [2]
 Under the Guidelines, a consolidated case receives criminal history category points as one sentence even though the case may include more than one conviction. See United States Sentencing Commission, Guidelines Manual ("U.S.S.G.") § 4A1.2(a)(2) & commentary 3
 
 
 [3]
 Most of Parrish's prior convictions were for crimes dissimilar to the instant offense