47 F.3d 1173
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
K'Maryan PANADERO, also known as Kay Panadero, also known as
Katrina Panadero, Defendant-Appellant.
 No. 94-1253.
 United States Court of Appeals, Seventh Circuit.
 Argued Oct. 31, 1994.
Decided Jan. 17, 1995.
 
 Before BAUER, KANNE and ROVNER, Circuit Judges.
 
 ORDER
 
 1
 We ruled on the numerous sentencing issues raised by K'Maryan Panadero's original appeal in an opinion published at 7 F.3d 691 (7th Cir.1993). In that opinion, we questioned a criminal history category departure that had been based on the fact that Panadero committed her offense after being released on bond for a previous offense. We were concerned that the departure may have involved double counting because Panadero's offense level had already been adjusted pursuant to Guidelines section 2J1.7 to account for the fact that she had committed the offense while released on bond. We did not rule on the question, but merely identified it and invited the court to reconsider its departure on remand. The court has now done so and has concluded that the departure did not constitute double counting. Panadero appeals that ruling, and we affirm.
 
 
 2
 On remand, the district court clarified the reasoning underlying its departure. It explained that it had departed not to account for the fact that Panadero had committed this offense while released on bond, but because her criminal history category did not otherwise reflect her exceptional likelihood of recidivism.[1] A departure for that reason is allowed by Guidelines section 4A1.3, which provides for departure if "the criminal history category does not adequately reflect ... the likelihood that the defendant will commit other crimes." The post-release nature of Panadero's conduct was relevant in assessing her likelihood of recidivism because of the fact that she had committed the very same offense, extortion, in both instances. In other words, the district court felt that Panadero's commission of extortion while awaiting trial on previous extortion charges showed her "implacable will" to commit this crime. The fact that the departure was based on the same conduct that underlay the section 2J1.7 enhancement does not mean that the departure involved double counting. United States v. Schmude, 901 F.2d 555, 559 (7th Cir.1990) ("Rationally, if a defendant has been convicted for the same offense more than once, he has demonstrated the need for greater sanctions to deter him from committing that same crime again--greater sanctions than might be required for a defendant who has never been convicted of a similar offense.")
 
 
 3
 In addition, the court's determination regarding Panadero's unusually high likelihood of recidivism was not based solely on her post-charging criminal activity. The court noted, for example, that Panadero had sought employment as a bookkeeper even though she had been instructed not to do so as a condition of her bond. The court also noted that she had been embezzling funds from her various employers recurrently since arriving in this country. The court did not therefore double-count when it departed upward in Panadero's criminal history category to account for her unusual likelihood of recidivism.
 
 
 4
 The court also provided an alternative basis for the departure. The court reasoned that the departure was warranted under guidelines section 5K2.0, which provides that "the court may depart from the guidelines, even though the reason for departure is taken into consideration in the guidelines (e.g. as a specific offense characteristic or other adjustment), if the court determines that, in light of unusual circumstances, the guideline level attached to that factor is inadequate."[2] Section 5K2.0 is derived from 18 U.S.C. Sec. 3553(b), which authorizes the court to depart if "there exists an aggravating or mitigating circumstance of a kind, or to a degree, not adequately taken into consideration by the Sentencing Commission in formulating the guidelines...." The court reasoned that this guideline provided an alternative justification for the departure for the same reasons it had already articulated. That is, because the section 2J1.7 adjustment would have applied without regard to the nature of the crime committed during pretrial release, it did not adequately account for the fact that Panadero had repeatedly committed the same offense. (See id. at 7.) The extent of prior recidivism, in the district court's view, constituted an "unusual circumstance," which made a section 5K1.0 departure appropriate. Because of our conclusion that the departure was justified under section 4A1.3, we need not decide whether or not this constitutes an "unusual circumstance" for purposes of section 5K1.0.
 
 
 5
 Because the criminal history departure accounted for a different factor than did the section 2J1.7 adjustment, it did not constitute double counting. The judgment of the district court is AFFIRMED.
 
 
 
 [1]
 The district court explained:
 In fact, although this was quite clearly not apparent on the record, I did not found my elevation of the criminal history category on the simple fact that there was post-offense conduct which--post-offense criminal conduct of whatever nature triggers the adjustment. I did it not only because it was post-arrest criminal conduct, but it was post-arrest criminal conduct of precisely the same sort that had occurred prior to the charge and in fact had occurred throughout the defendant's entire period of employment from more or less the day she arrived here till the day the she stood before me and was sentenced, and I thought that that was why her case was unique.
 She would have gotten the post-charging misconduct adjustment for any of the variety of offenses, but these were special and different, and I do not believe the guideline accounts for that particular aspect, which is to say commission of such similar offenses.
 (Jan. 28, 1994 Tr. at 6.)
 
 
 [2]
 Panadero argues that section 5K2.0 applies only to offense level and not to criminal history category departures, although she has pointed to no case in which this circuit has actually relied on that distinction. We need not address this issue here, however, because in its discussion of section 5K2.0, the district court did envision that Panadero's offense level, not her criminal history category, would be increased under that section. (See Jan 28, 1994 Tr. at 7-8.)