65 F.3d 170
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Ronald LEVY, Defendant-Appellant.
 No. 95-1415.
 United States Court of Appeals, Seventh Circuit.
 Submitted Aug. 24, 1995.*
Decided Aug. 30, 1995.
 
 Before BAUER, EASTERBROOK and MANION, Circuit Judges.
 
 ORDER
 
 1
 Defendant-appellant Richard Levy was convicted of being a felon in possession of a firearm, 18 U.S.C. Sec. 922(g)(1), and sentenced to seventy-two months of imprisonment followed by a three year term of supervised release. Levy appeals his sentence, arguing that the district court erred in denying the government's motion for a downward departure, U.S.S.G. Sec. 5K1.1. We dismiss the appeal for lack of jurisdiction.
 
 
 2
 Levy was convicted of possessing a firearm after having been convicted of a crime punishable by imprisonment for a term exceeding one year, in violation of 18 U.S.C. Sec. 922(g)(1). At sentencing, the district court determined the defendant's offense level to be twenty and his criminal history category to be V, resulting in a guideline range of 63 to 78 months. (Sent. tr. at 4). The government moved the court to depart downward pursuant to U.S.S.G. Sec. 5K1.1 based upon Levy's substantial cooperation in a murder trial. (Id. at 7-8). The court declined to do so, noting that the defendant had a previous state conviction for the identical offense (possession of a firearm by a felon) which under United States v. Schmude, 901 F.2d 555, 559 (7th Cir.1990) could form the basis for an upward departure. (Id. at 11). Instead, the court imposed a sentence within the guideline range.
 
 
 3
 "Where the district court's decision [not to depart] is based on the exercise of judicial discretion, a decision by the court not to depart downward from the guidelines is not a basis for review by this court." United States v. Allender, No. 94-3200, slip op. at 15 (7th Cir. August 4, 1995). Nor, absent an error of law or a misapplication of the guidelines, may we review a sentence within the appropriate guideline range. United States v. Solis, 923 F.2d 548, 551 (7th Cir.1991).
 
 
 4
 To clear this jurisdictional hurdle, Levy argues that the court misapplied the guidelines in determining that an upward departure could be warranted because Levy had previously committed the same offense. Levy invites us to reconsider our decision in United States v. Schmude, 901 F.2d 555 (7th Cir.1990). We respectfully decline.
 
 
 5
 In Schmude, we held that "[I]f a defendant has been convicted of the same offense more than once, he has demonstrated the need for greater sanctions to deter him from committing that same crime again--greater sanctions than might be required for a defendant who has never been convicted of a similar offense" and upheld a reasonable upward departure based upon the similarity of the defendant's convictions. 901 F.2d at 559; see also United States v. Panadero, 7 F.3d 691, 697 (7th Cir.1993). Because "the Guidelines treat all prior convictions equally, whether or not they are similar to the offense for which a defendant is sentenced", a criminal history category may be inadequate where a defendant has committed the same offense more than once and justify an upward departure. Schmude, 901 F.2d at 559, see U.S.S.G. Sec. 4A1.3 (permitting Court to depart where criminal history inadequately reflects defendant's past criminal conduct or likelihood that defendant will commit a crime again.).
 
 
 6
 In this case, the court correctly noted that Schmude could justify an upward departure and appropriately factored Levy's recidivist history into its decision denying the government's motion for a downward departure. The record in this case reveals that the Court was well aware of its authority and discretion to depart but simply concluded that despite Levy's cooperation, a departure was not appropriate. We therefore lack jurisdiction to review the district court's decision not to depart and dismiss this matter for lack of jurisdiction.
 
 
 7
 DISMISSED FOR LACK OF JURISDICTION.
 
 
 
 *
 After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court in this case. The notice provided that any party might file a "Statement as to Need of Oral Argument." See Fed.R.App.P. 34(a); Cir.R. 34(f). No such statement having been filed, the appeal is submitted on the briefs and the record