**UNITED STATES of America, Plaintiff–Appellant,**

v.

**Frederick E. EISELT, Defendant–Appellee.**

No. 92–1712.

United States Court of Appeals, Seventh Circuit.

Argued Nov. 4, 1992.

Decided Feb. 19, 1993.

---

Mark D. Stuaan, Asst. U.S. Atty., Deborah J. Daniels, U.S. Atty., Office of the U.S. Atty., Indianapolis, IN, for plaintiff-appellant.

J. Patrick Biggs, New Albany, IN, for defendant-appellee.

Before BAUER, Chief Judge, CUDAHY, Circuit Judge, and WOOD, Jr., Senior Circuit Judge.

HARLINGTON WOOD, Jr., Senior Circuit Judge.

The government appeals the sentence imposed by the district court on the defendant Frederick E. Eiselt pursuant to Title 18, United States Code, Section 3742(b).

## FACTS

A grand jury charged the defendant with violating Title 18, United States Code, Sections 922(g)(1) and 924(a)(2) for being in possession of a firearm which had been shipped or transported in interstate commerce after having been convicted of a crime punishable by imprisonment of more than one year. On February 21, 1991, the defendant pled guilty in accordance with a plea agreement between himself and the government. The district court accepted the defendant's guilty plea and sentenced him on the same day, February 21, 1991.

This appeal concerns the district court's decision to depart downward from the otherwise applicable guideline range. The district court accepted the United States probation officer's determination in the presentence report of an offense level of twelve for the defendant with a two point reduction for acceptance of responsibility for a total offense level of ten points. The presentence report then showed six criminal history points for the defendant which

equal a criminal history category of III. But the criminal history category determination in the presentence report was not accepted by the district court.

The defendant's criminal history consists of: (1) Assault in the Fourth Degree with a twelve month suspended sentence in 1991; (2) Illegal Possession of a Controlled Substance with a two year suspended sentence in 1986; (3) Driving under the Influence and Carrying a Concealed Deadly Weapon with a thirty day suspended sentence and fifty dollar fine respectively in 1986; and (4) Assault in the Fourth Degree with a forty-five day suspended sentence. The felony conviction, possession of a controlled substance, is an element of the present crime. The defendant received one point for each conviction according to U.S.S.G. § 4A1.1(c). Two additional points were then added because the present crime was committed while the defendant was under a criminal justice sentence, the defendant was still under a five year probation period for the felony conviction. Thus the defendant has six criminal history points which puts him in criminal history category III. This category together with an offense level of ten has a sentencing range of ten to sixteen months.

At sentencing, the defendant's counsel asked the court to make a reduction downward from the guidelines because the defendant's criminal history and the points calculated therefrom overrepresented the seriousness of the defendant's criminal history. Counsel argued that section 4A1.3 of the sentencing guidelines allowed the court to depart for that reason. Counsel explained that the convictions were misrepresentative because two of the four were simply misdemeanor assaults against the defendant's different spouses. The driving under the influence was insignificant since the defendant was only given a suspended sentence of thirty days, and the knife involved was a small knife which was supposed to be legal (not a switchblade). Counsel further argued that the two points for committing the offense while on probation for the felony conviction, which was the basis of the present crime, was a "double lick," as if the crime counted twice.

Counsel did not try to minimize the felony conviction.

Defense counsel additionally discussed the defendant's family circumstances and his employment record. Counsel stated that the defendant supports one son and is married with his wife expecting a child. His wife does not work, and the only health insurance they have is through the defendant's job. The defendant has been working at the same job for seven years.

The district court departed downward from the otherwise applicable guideline range of ten to sixteen months. The district court put the defendant in criminal history category I instead of category III. Category I's sentencing range is six to ten months. The court then sentenced the defendant to three years of probation with six months in community confinement. This probation sentence is possible for the defendant only if he is in category I with its six month minimum sentence. *See* U.S.S.G. § 5B1.1(a)(2).

The explanation the district court gave at sentencing for its departure was as follows:

> [W]e have here a man who is not a model citizen but who, on the other hand, has a pretty good job and has worked hard at it steadily for apparently seven years. He is making eleven dollars an hour. If we put him in jail, he will lose his job; and his wife and baby will be on welfare. I don't know that's going to do anybody any good. And I am not impressed that his criminal history is all that bad; not that I condone a husband pushing his wife or wives as it is in this case around. But apparently one wife at least doesn't think too badly about it since she is living with him and having his baby. And the other one seems to be a little bit abusive herself according to what he says. So I believe the criminal history is over represented, and he ought to be in category one.

Record at 29. In the judgment entered, the court stated its reasons for departure were because: "The defendant's criminal history category significantly over-represents the

seriousness of the defendant's criminal history. (Section 4A1.3(e)). Further, if imprisoned, the defendant will loose [sic] his job and his family will likely end up on welfare."

## ANALYSIS

■ The district court's stated reasons for the downward departure from the guidelines were insufficient. The district court did not clearly state its reasons for departing from the guidelines and the reasons why the defendant's criminal history category overrepresented the seriousness of the defendant's criminal conduct. The court is required by law to state its reasons for imposing a sentence:

> The court, at the time of sentencing, shall state in open court the reasons for its imposition of the particular sentence, and, if the sentence—
>
> .    .    .    .    .
>
> (2) is not of the kind, or is outside the range [established for the applicable category of offense committed by the applicable category of defendant] . . . the specific reason for the imposition of a sentence different from that described.

18 U.S.C. § 3553(c).

■ While a district court does have discretion to determine what criminal history category most accurately reflects the defendant's actual criminal history, *United States v. Franklin*, 902 F.2d 501, 506 (7th Cir.), *cert. denied*, 498 U.S. 906, 111 S.Ct. 274, 112 L.Ed.2d 229 (1990), we have repeatedly held that the court must state its reasons for departing from the applicable guideline range in open court. *United States v. Scott*, 914 F.2d 959, 965 (7th Cir.1990); *United States v. Carey*, 895 F.2d 318, 325 (7th Cir.1990). It is not enough for the court to simply identify the possible basis for an appropriate departure. *Scott*, 914 F.2d at 964–65. The court must clearly explain the reasons for the departure and make any necessary factual findings as required by the guidelines. " 'Reasons' means something more than conclusions—a distinction important not only to the defendant whose future is at stake but also to the appellate process." *United*

*States v. Edwards*, 945 F.2d 1387, 1399 (7th Cir.1991) (citation omitted), *cert. denied*, —— U.S. ——, 112 S.Ct. 1590, 118 L.Ed.2d 308 (1992). A goal of the sentencing guidelines is to bring consistency into sentencing and without an adequate understanding of the court's reasoning, we can do little on review to ensure that departure decisions are also applied in a just and consistent manner.

■ In addition, once the court decides that a departure is warranted, the court should link the departure to the guidelines. *United States v. Gentry*, 925 F.2d 186, 188 (7th Cir.1991). The guidelines must be used as a reference when departing. In other words, the judge may not say " 'I have decided to depart so now I throw away the guidelines.' " *United States v. Ferra*, 900 F.2d 1057, 1062 (7th Cir.1990). In *United States v. Miller*, 874 F.2d 466 (7th Cir.1989), we held that the district court when departing from the guidelines because of the defendant's criminal history should consider the criminal history categories in sequence. We remanded the case for resentencing in *Miller* because the court skipped from category I to category III without sufficient explanation.

Similarly, in this case when the district court decided to depart from the guidelines because the defendant's criminal history overrepresented his actual criminal conduct, the court did not explain which convictions in particular did not warrant consideration. The court departed down two levels in the criminal history categories and basically discounted all of the defendant's prior criminal conduct since category I has only one criminal point. The remaining criminal point presumably was for the undisputed felony conviction. The defendant's criminal record appears more substantial than merely a category I which is for first time offenders with the lowest risk of recidivism. *See* U.S.S.G. § 4A1.3, p.s.. But if the court accepts defense counsel's questionable argument that the two different assault convictions against the defendant's spouses were insignificant, as well as the driving while impaired conviction, the court has to state why in order to

attempt to justify its departure from the guidelines. There are also two points to be included since the defendant committed the crime while on probation. *See* U.S.S.G. § 4A1.1(d).

 Furthermore, we note one final question with the district court's decision to depart. It appears from the sentencing hearing that the court may have considered the defendant's employment record and family circumstances when deciding to depart. Because the court did not sufficiently explain its sentencing decision, we do not know to what extent, if any, these factors weighed in the court's decision to depart from the guidelines. We remind the court that according to policy statements in the guidelines which have a particular value regarding the application of the guidelines, 28 U.S.C. § 994(a)(2), the defendant's employment record and family ties and responsibilities are not "ordinarily relevant in determining whether a sentence should be outside the applicable guideline range." U.S.S.G. § 5H1.5–1.6, p.s.. *See United States v. Thomas*, 930 F.2d 526 (7th Cir.), *cert. denied,* — U.S. —, 112 S.Ct. 171, 116 L.Ed.2d 134 (1991).

There would have been no problem with the district judge's exercise of his seasoned discretion were it not for the strictures imposed by the guidelines, but we cannot ignore them anymore than may the district judge. But for the guidelines the sentence imposed by Judge Dillin may have been the most understanding and thoughtful way to possibly rehabilitate the defendant and without unnecessary harm to his family, but it cannot be affirmed on the record now before us.

We must vacate the sentence imposed by the district court due to its inadequate explanation of its decision to depart from the guidelines. We therefore remand the case to Judge Dillin for resentencing consistent with this opinion.