**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Anthony L. CROOM, Defendant–
Appellant.**

**No. 94–2887.**

United States Court of Appeals,
Seventh Circuit.

Argued March 1, 1995.

Decided March 20, 1995.

James M. Warden, Asst. U.S. Atty. (argued), Indianapolis, IN, for plaintiff-appellee.

Jeffrey Baldwin (argued), Brown, Hastings, Baldwin & Clutter, Indianapolis, IN, for defendant-appellant.

Before CUMMINGS, EASTERBROOK, and ROVNER, Circuit Judges.

EASTERBROOK, Circuit Judge.

Anthony Croom is a punk who grew up to be a thug. His first juvenile conviction was for battery. Next came a conviction for child molestation: when 13 years old, Croom had sexual intercourse with an 11 year old girl. Later Croom was convicted of burglary and other offenses. The burglary conviction disqualified Croom from possessing guns, but he thumbed his nose at the law. One day, while attired like a refugee from a gangster movie, with gloves and a hat pulled down to cover his face, Croom bolted from a meal into the arms of police, who recovered a semi-automatic weapon. He was charged with violating 18 U.S.C. § 922(g)(1) and released pending trial. Ten days later Croom invaded a fast food restaurant, drew a gun, ordered the staff into the meat locker (threatening them with death if they did not cooperate), and emptied the till. He did not get far, and his capture led to another federal weapons charge. Croom pleaded guilty to both; another similar charge was dismissed as part of a plea bargain. His sentence of 160 months' imprisonment exceeds the guideline range of 110–137 months for a level 28 offense by someone with a criminal history category of IV, and he appeals from the upward departure.

A district judge may give a sentence exceeding the range specified by the Sentencing Guidelines only on account of circumstances "not adequately taken into consideration" by the Sentencing Commission. 18 U.S.C. § 3553(b). The district judge gave this explanation of his decision:

> Having reviewed all of the matters in this case and in considering the offenses which did not count for criminal history score points reflected in [the pre-sentence investigation report] as well as the fact of the recent, the short period of time which elapsed between the defendant's last incarceration and the first of these offenses and his conduct on [the fast food robbery] following his release [after the initial gun arrest], and considering the nature of the offenses reflected in [the presentence investigation report plus the charges to which Croom pleaded guilty], I find that the information upon which I am making this determination is reliable and that the criminal history category of Roman numeral IV does not adequately reflect the seriousness of the defendant's past criminal conduct, and perhaps more so the likelihood that the defendant will commit other crimes. I think there is a clearly ascertainable and projectable pattern here by this defendant of ever increasing in ever more dangerous offenses as he proceeds through life. So an upward departure of the applicable criminal history score would be appropriate in this case. Since the juvenile matters are not considered. And

for the other reasons I previously indicated. So I will depart upward to a criminal history category of VI. . . .

The judge did not reveal which of these factors he believed the Sentencing Commission has "not adequately taken into consideration" or why he increased the criminal history category from IV to VI rather than V. Croom has earned a substantial sentence, but 137 months' imprisonment—more than 11 years without possibility of parole—is stern punishment. The stated rationale for tacking on two years is problematic under § 3553(b).

■ The judge's explanation starts with the observation that the Guidelines did not count two of Croom's juvenile convictions. Under U.S.S.G. § 4A1.2(d)(2) juvenile convictions the sentences for which ended more than five years before the commission of the latest offense do not contribute any criminal history points. Far from representing an aspect of criminal history that the Sentencing Commission overlooked or did not consider adequately, this exclusion is a conscious decision, one a district judge may not override by the mechanism of an upward departure. *United States v. Fonner*, 920 F.2d 1330, 1333–34 (7th Cir.1990). The Sentencing Commission believed that old juvenile convictions should be "forgiven" in assigning criminal history points; that the district judge is less forgiving than the Commission does not authorize him to strike out on a different path. To forgive is not necessarily to forget, however; as we explain below the judge may consider the juvenile convictions as part of the larger picture when deciding whether to depart under the criteria of U.S.S.G. § 4A1.3. See *United States v. Gammon*, 961 F.2d 103, 107–09 (7th Cir.1992).

■ After remarking on the juvenile convictions, the judge observed that Croom committed the first federal gun offense shortly after release from his most recent state imprisonment, then committed the second gun offense while on pretrial release from the first. These are surely grounds for increasing a sentence—but the Sentencing Commission took them into consideration. Croom received two criminal history points under § 4A1.1(d) for committing the first gun offense while on parole from a state sentence, and one point under § 4A1.1(e) for committing that offense within two years after leaving prison. He paid for the close relation between the first and second gun offenses by forfeiting the three-level reduction for acceptance of responsibility that otherwise would have been available to one who entered a prompt plea of guilty. The judge did not explain why these adjustments are an insufficient recognition of the circumstances.

■ The district court's final observation—that Croom has led a life of essentially continual crime, of increasing violence—is a sound reason for a departure. Croom not only has a long record but also admitted that he possessed guns all the time between 1991 and 1993. That amounts to many additional offenses under § 922(g). He scarcely gets out of the jail's shadow before committing another crime. The Guidelines are designed for normal cases; a defendant who has demonstrated criminal propensities that make him more dangerous than the ordinary person with the same criminal history score may receive a higher sentence. So the Commission said in § 4A1.3, describing some situations that it has not fully considered and that therefore authorize departures. Thus, for example, the fact that Croom committed his second gun offense while on release from the first led to the denial of a reduction for acceptance of responsibility; but the fact that he committed the second, more serious, gun offense swiftly after release on the first also shows that he is incorrigible—an armed career criminal in fact if not technically one under 18 U.S.C. § 924(e)(1). Cf. *United States v. Panadero*, 7 F.3d 691, 697 (7th Cir.1993). His juvenile convictions may not be counted directly, but they may be considered as part of the pattern of recidivism. U.S.S.G. § 4A1.2 Application Note 8. Meeting most of the criteria for designation as an armed career criminal (or "career offender" under the Guidelines) does not permit the judge to impose the penalties designed for those who meet all of the criteria, but it does permit a departure in the *direction* of those penalties. See *United States v. Ruffin*, 997 F.2d 343 (7th Cir.1993).

What we have, then, is a good reason for departure coupled with two bad ones. The district court must reconsider Croom's sentence but need not necessarily lower it. On remand the court should hew to the considerations approved in § 4A1.3 and choose the offense level that best approximates the seriousness of Croom's record and the threat of future crimes it portends. See *United States v. Tai*, 41 F.3d 1170, 1176 (7th Cir.1994); *United States v. Ferra*, 900 F.2d 1057, 1063 (7th Cir.1990). How much to increase the sentence is a judgment call, which if thoughtfully explained will not be disturbed on any later appeal. See *United States v. Ferra*, 948 F.2d 352 (7th Cir.1991); *United States v. Schmude*, 901 F.2d 555, 559 (7th Cir.1990). Croom's sentence is vacated, and the case is remanded for resentencing.

ILANA DIAMOND ROVNER, Circuit Judge, concurring.

Although I concur in the result and rationale of the majority, I believe that the appropriate exercise of our judicial function requires restraint in the language we use to describe the people who come before us, regardless of how dreadful their transgressions.