72 F.3d 132
NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
 UNITED STATES of America, Plaintiff-Appellee,
v.
Anthony L. CROOM, Defendant-Appellant.
 No. 95-2746.
 United States Court of Appeals, Seventh Circuit.
 Submitted Dec. 5, 1995.*
Decided Dec. 7, 1995.
 
 Before CUMMINGS, Circuit Judge, EASTERBROOK, Circuit Judge, and ROVNER, Circuit Judge.
 
 ORDER
 
 1
 Our initial opinion in this case, 50 F.3d 433 (1995), concluded that two of the three factors the district judge cited in support of a departure from the Sentencing Guidelines were inappropriate, and we remanded for resentencing with any departure based on the third factor alone. Our opinion wrapped up:
 
 
 2
 The district court must reconsider Croom's sentence but need not necessarily lower it. On remand the court should hew to the considerations approved in Sec. 4A1.3 and choose the offense level that best approximates the seriousness of Croom's record and the threat of future crimes it portends. See United States v. Tai, 41 F.3d 1170, 1176 (7th Cir.1994); United States v. Ferra, 900 F.2d 1057, 1063 (7th Cir.1990). How much to increase the sentence is a judgment call, which if thoughtfully explained will not be disturbed on any later appeal.
 
 
 3
 50 F.3d at 436. On remand the district court imposed the same sentence, 160 months' imprisonment, this time relying entirely on the criteria of Sec. 4A1.3.
 
 
 4
 Our prior opinion stated that an increase under Sec. 4A1.3 could support a sentence of 160 months, and that such a decision by the district court "if thoughtfully explained will not be disturbed on any later appeal." It was thoughtfully explained, and it will not be disturbed. The district judge explained that Croom's criminal history suggests that recidivism is exceptionally likely--at least as likely as for the "ordinary" criminal with a criminal history category of VI. This two-category increase from Croom's category of IV was amply supported by the considerations the district judge cataloged. Review is deferential, and we do not think that the district judge abused his discretion.
 
 AFFIRMED
 
 
 *
 After an oral argument on March 1, 1995, this case was remanded to the district court for resentencing. The successive appeal has been assigned to the original panel under Operating Procedure 6(b), and the panel is unanimously of the view that a second oral argument would not be helpful