[NOT FOR PUBLICATION]

 UNITED STATES COURT OF APPEALS
 FOR THE FIRST CIRCUIT

 

No. 96-2247

 UNITED STATES,

 Appellee,

 v.

 DANIEL D. TAVARES,

 Defendant, Appellant.

 

 APPEAL FROM THE UNITED STATES DISTRICT COURT

 FOR THE DISTRICT OF MASSACHUSETTS

 [Hon. William G. Young, U.S. District Judge] 

 

 Before

 Selya, Circuit Judge, 
 Cyr, Senior Circuit Judge, 
 and Lynch, Circuit Judge. 

 

Daniel D. Tavares on brief pro se. 
Donald K. Stern, United States Attorney, and Michael J. Pelgro, 
Assistant U.S. Attorney, on brief for appellee.

 

 MAY 29, 1997
 

 Per Curiam. Convicted of being a felon in possession of 

a firearm, see 18 U.S.C. 922(g)(1), appellant Daniel 

Tavares challenges the 10-year prison sentence that the

district court imposed following this court's decision in

his last appeal. See United States v. Tavares, 93 F.3d 10 

(1st Cir. 1996)(affirming conviction, vacating sentence, and

remanding for resentencing). We affirm.

 As the facts concerning Tavares' crime and prior

sentencing proceeding are detailed in our earlier opinion we

will not repeat them here. On remand the district court

found that Tavares had committed an assault with a dangerous

weapon and the intent to do bodily harm, as well as the

intent to commit another felony.1 The court concluded that 1

Tavares was subject to sentencing under the aggravated

assault guideline as a result of these findings. The court

then calculated his new sentence similarly to how it had done

so originally, but based on a different factual predicate.

See Tavares, 93 F.3d at 12-13, 15-17. Tavares again appeals, 

contending that the court clearly erred by sentencing him

under the aggravated assault guideline and by departing

upward to sentence him to 120 months' imprisonment, the

  

 1The aggravated assault guideline applies to a felonious 1
assault involving (a) a dangerous weapon with the intent to
do bodily harm (i.e., not merely to frighten), or (b) serious
bodily injury, or (c) an intent to commit another felony.
See U.S.S.G. 2A2.2, comment. (n. 1). The other felony found 
here was the malicious destruction of property in violation
of M.G.L. c. 266, 127. 

 -2-

maximum that may be imposed on the offense of conviction.

See 18 U.S.C. 924(a)(2). 

 On this record, we cannot say that the court's finding

that Tavares committed an assault with the intent to do

bodily harm was clearly erroneous. See United States v. 

Garcia, 34 F.3d 6, 10 (1st Cir. 1994). This finding was 

alone sufficient to support application of the aggravated

assault guideline.2 Similarly, the district court did not err 2

by adding the five level discharge adjustment under U.S.S.G.

 2A2.2(b)(2)(A). The court found that Tavares fired his

weapon as part of the overall assault on Blake and Hunt. As

the evidence indicates that the assailants' conduct was

prompted by their prior altercation with these individuals,

this finding was not clearly erroneous. Thus, the addition

of the discharge adjustment was proper. See U.S.S.G. 

 1B1.3(a)(1)(authorizing addition of specific offense

characteristics based on "all acts ... committed during the

commission of the offense of conviction").3 3

  

 2We need not decide whether, as the government contends, 2
an intent to commit a felony in violation of state law
satisfies 2A2.2, comment., n. 1.

 3Tavares also asks this court to rule that Hunt suffered a 3
minor injury as a matter of law and to vacate the 3-level
adjustment imposed under 2A2.2(b)(3)(D). We have previously
ruled that the severity of Hunt's injury cannot be decided as
a matter of law. See 93 F.3d at 16. The district court's 
determination that Hunt suffered something between a "bodily
injury" and a "serious bodily injury" was not clearly
erroneous. 

 -3-

 Finally, we again conclude that the district court did

not abuse its discretion in making the upward departure here.

 Tavares' criminal record, which included evidence that he

had committed the three violent offenses that had resulted in

the "guilty filed" dispositions, was serious and egregious.

The wantonness of the offense of conviction also justified

the departure. See United States v. Hardy, 99 F.3d 1242, 

1248-52 (1st Cir. 1996)(upholding upward departure based on

defendant's repeatedly discharging and discarding semi-

automatic weapon in residential area); United States v. 

Croom, 50 F.3d 433, 435 (7th Cir. 1995)("Meeting most of the 

criteria for designation as an armed career criminal ... does

not permit the judge to impose the penalties designed for

those who meet all of the criteria, but it does permit a

departure in the direction of those penalties."). 

Accordingly, the judgment of the district court is affirmed. 

Tavares' motion for bail pending appeal is moot. 

 -4-