USCA1 Opinion

 

 [NOT FOR PUBLICATION] UNITED STATES COURT OF APPEALS FOR THE FIRST CIRCUIT ____________________ No. 96-2247 UNITED STATES, Appellee, v. DANIEL D. TAVARES, Defendant, Appellant. ____________________ APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MASSACHUSETTS [Hon. William G. Young, U.S. District Judge] ___________________ ____________________ Before Selya, Circuit Judge, _____________ Cyr, Senior Circuit Judge, ____________________ and Lynch, Circuit Judge. _____________ ____________________ Daniel D. Tavares on brief pro se. _________________ Donald K. Stern, United States Attorney, and Michael J. Pelgro, ________________ __________________ Assistant U.S. Attorney, on brief for appellee. ____________________ MAY 29, 1997 ____________________ Per Curiam. Convicted of being a felon in possession of __________ a firearm, see 18 U.S.C. 922(g)(1), appellant Daniel ___ Tavares challenges the 10-year prison sentence that the district court imposed following this court's decision in his last appeal. See United States v. Tavares, 93 F.3d 10 ___ _____________ _______ (1st Cir. 1996)(affirming conviction, vacating sentence, and remanding for resentencing). We affirm. As the facts concerning Tavares' crime and prior sentencing proceeding are detailed in our earlier opinion we will not repeat them here. On remand the district court found that Tavares had committed an assault with a dangerous weapon and the intent to do bodily harm, as well as the intent to commit another felony.1 The court concluded that 1 Tavares was subject to sentencing under the aggravated assault guideline as a result of these findings. The court then calculated his new sentence similarly to how it had done so originally, but based on a different factual predicate. See Tavares, 93 F.3d at 12-13, 15-17. Tavares again appeals, ___ _______ contending that the court clearly erred by sentencing him under the aggravated assault guideline and by departing upward to sentence him to 120 months' imprisonment, the  ____________________ 1The aggravated assault guideline applies to a felonious 1 assault involving (a) a dangerous weapon with the intent to do bodily harm (i.e., not merely to frighten), or (b) serious bodily injury, or (c) an intent to commit another felony. See U.S.S.G. 2A2.2, comment. (n. 1). The other felony found ___ here was the malicious destruction of property in violation of M.G.L. c. 266, 127.  -2- maximum that may be imposed on the offense of conviction. See 18 U.S.C. 924(a)(2). ___ On this record, we cannot say that the court's finding that Tavares committed an assault with the intent to do bodily harm was clearly erroneous. See United States v. ___ _____________ Garcia, 34 F.3d 6, 10 (1st Cir. 1994). This finding was ______ alone sufficient to support application of the aggravated assault guideline.2 Similarly, the district court did not err 2 by adding the five level discharge adjustment under U.S.S.G. 2A2.2(b)(2)(A). The court found that Tavares fired his weapon as part of the overall assault on Blake and Hunt. As the evidence indicates that the assailants' conduct was prompted by their prior altercation with these individuals, this finding was not clearly erroneous. Thus, the addition of the discharge adjustment was proper. See U.S.S.G. ___ 1B1.3(a)(1)(authorizing addition of specific offense characteristics based on "all acts ... committed during the commission of the offense of conviction").3 3  ____________________ 2We need not decide whether, as the government contends, 2 an intent to commit a felony in violation of state law satisfies 2A2.2, comment., n. 1. 3Tavares also asks this court to rule that Hunt suffered a 3 minor injury as a matter of law and to vacate the 3-level adjustment imposed under 2A2.2(b)(3)(D). We have previously ruled that the severity of Hunt's injury cannot be decided as a matter of law. See 93 F.3d at 16. The district court's ___ determination that Hunt suffered something between a "bodily injury" and a "serious bodily injury" was not clearly erroneous.  -3- Finally, we again conclude that the district court did not abuse its discretion in making the upward departure here. Tavares' criminal record, which included evidence that he had committed the three violent offenses that had resulted in the "guilty filed" dispositions, was serious and egregious. The wantonness of the offense of conviction also justified the departure. See United States v. Hardy, 99 F.3d 1242, ___ ______________ _____ 1248-52 (1st Cir. 1996)(upholding upward departure based on defendant's repeatedly discharging and discarding semi- automatic weapon in residential area); United States v. ______________ Croom, 50 F.3d 433, 435 (7th Cir. 1995)("Meeting most of the _____ criteria for designation as an armed career criminal ... does not permit the judge to impose the penalties designed for those who meet all of the criteria, but it does permit a departure in the direction of those penalties."). _________ Accordingly, the judgment of the district court is affirmed. ________ Tavares' motion for bail pending appeal is moot. ____ -4-