In the
United States Court of Appeals
For the Seventh Circuit

No. 01-1003

United States of America,

Plaintiff-Appellee,

v.

Jeffery A. Peterson,

Defendant-Appellant.

Appeal from the United States District Court
for the Western District of Wisconsin.
No. 99 CR 15--John C. Shabaz, Judge.

Argued June 8, 2001--Decided  July 5, 2001


   Before Bauer, Easterbrook, and Kanne,
Circuit Judges.

   Kanne, Circuit Judge.  Jeffery Peterson
pleaded guilty to one count of bank fraud
in violation of 18 U.S.C. sec. 1344. The
pre-sentence report (the "PSR")
calculated Peterson's base level offense
at 11, and his total criminal history
points at 19, which placed his criminal
history in category VI of the Sentencing
Guidelines./1 Based on these suggested
findings, the appropriate sentence range
for Peterson under the Sentencing
Guidelines was 27 to 33 months. The court
made a two-level upward departure in
Peterson's offense level, pursuant to
U.S.S.G. section 4A1.3, and sentenced him
to 41 months in prison. Peterson now
appeals his sentence, arguing that the
district court incorrectly applied
section 4A1.3 in imposing the upward
departure. For the reasons stated below,
we affirm Peterson's sentence.

   Section 4A1.3 of the Sentencing
Guidelines explains that, "[i]f reliable
information indicates that the criminal
history category does not adequately
reflect the seriousness of the
defendant's past criminal conduct or the
likelihood that the defendant will commit
other crimes, the court may consider
imposing a sentence departing from the
otherwise applicable guideline range."

U.S. Sentencing Guidelines Manual sec. 4A1.3 (1998). Section 4A1.3 then provides a non-exhaustive list of five types of information that a district court might rely on to impose an upward departure./2

We employ a three part test to review the district court's use of section 4A1.3 to depart from the Sentencing Guidelines. See United States v. Duncan, 230 F.3d 980, 986 (7th Cir. 2000); United States v. McKinley, 84 F.3d 904, 911 (7th Cir. 1996). First, we review de novo whether the district court articulated adequate grounds for the departure. See Duncan, 230 F.3d at 986. Second, we examine the facts cited by the district court in support of the departure, ensuring that such facts actually exist in the record. See id. We conduct this review for clear error. See United States v. Paredes, 87 F.3d 921, 926 (7th Cir. 1996). Finally, we determine whether the degree of the district court's departure is linked to the structure of the sentencing guidelines. See Duncan, 230 F.3d at 986. This aspect of the court's departure is reviewed deferentially. See id.

Peterson first argues that the district court relied solely on his criminal history points in deciding to impose an upward departure and that this was not an adequate ground upon which to base such a departure. We do not agree with Peterson's assessment of the ground articulated by the court as the basis for its imposition of an upward departure.

This court has explained that "if a defendant has been convicted for the same offense more than once, he has demonstrated the need for greater sanctions to deter him from committing that same crime again--greater sanctions than might be required for a defendant who has never been convicted of a similar offense." United States v. Schmude, 901 F.2d 555, 559 (7th Cir. 1990). The district court recognized that Peterson is just such a defendant. Noting the fact that seven of Peterson's eight convictions over the course of the last ten years involved check deception, forgery, theft, or identity theft, the court correctly observed that Peterson had "made a full-time career of defrauding individuals and financial institutions." Tr. of Jeffery Peterson's

Sentencing Hr'g. at 18. The court also stated that such an extensive pattern of behavior indicated a serious likelihood that Peterson would continue this deceptive behavior when given the opportunity. Additionally, the court explained that it considered the PSR's tally of 19 criminal history points to be accurate, and that "Peterson ha[d] at least 18 criminal history points and a number of pending charges not used to calculate his offense level." Id. Taking all of these specifically articulated facts into account, the district court concluded that there was a "substantial amount of reliable information . . . indicating [that] the criminal history category d[id] not adequately reflect the seriousness of [Peterson's] past criminal conduct or the likelihood that he w[ould] commit other crimes, " and that "the extent and nature of the defendant's criminal history taken together are sufficient to warrant an upward departure." Id. at 18, 24.

Just as the district court did here, we have found factors such as a defendant's accumulation of excessive criminal history points and a pattern of repeatedly committing specific types of crimes to be adequate grounds for an upward departure pursuant to section 4A1.3. See, e.g., United States v. Ewing, 129 F.3d 430, 437-38 (7th Cir. 1998) (explaining that defendant's "extensive number of criminal history points" and the "fact that [the defendant] repeatedly engaged in the same course of criminal conduct" were each adequate grounds upon which to base an upward departure pursuant to section 4A1.3); see also United States v. Lewis, 954 F.2d 1386, 1397 (7th Cir. 1992) (finding that defen dant's 22 criminal history points warranted the district court's imposition of an upward departure). Therefore, we find that the district court's thorough explanation of the grounds upon which it based its decision to impose an upward departure was more than adequate.

As to the second prong of our review of the district court's decision, Peterson concedes that the facts relied upon in support of the upward departure have been proven by a preponderance of the evidence by the government and that they exist in the record. We agree with Peterson's assessment and therefore conclude that

the district court did not err in relying on the facts that it did.

Finally, Peterson contends that the district court's degree of departure was not reasonable because it failed to articulate a link between his excess criminal history points and its decision to impose an incremental upward departure. He also argues that the court failed to state a reason for its decision to structure the increase in the manner in which it did. We reject both of these arguments. "The question of degree of departure is entirely one of reasonableness, and we give considerable leeway to a district court's determination of the criminal history category that most accurately reflects the defendant's true criminal history." United States v. Schweihs, 971 F.2d 1302, 1319 (7th Cir. 1992). The district court in this case structured its upward departure from the PSR's suggested offense level of 11 to an offense level of 13 by increasing one offense level for Peterson's first three criminal history points in excess of the 13 required for category VI and one additional level for the remaining criminal history points. This court has found similarly structured upward departures to be "reasonable and sufficiently linked to the structure of the guidelines." McKinley, 84 F.3d at 910-11 (affirming upward departure pursuant to section 4A1.3 where the district court "added one offense level for every three of [defendant's] criminal history points that exceeded 15"); see also Ewing, 129 F.3d at 437 (same). Thus, we find that the district court's upward departure was both reasonable and sufficiently linked to the structure of the Sentencing Guidelines.

Because the district court's imposition of an upward departure pursuant to section 4A1.3 was proper, we AFFIRM Peterson's sentence.

FOOTNOTES

/1 Under the Sentencing Guidelines, a defendant with at least 13 criminal history points falls into category VI.

/2 Section 4A1.3 explains that "reliable information" may include, but is not limited to, information concerning:

(a) prior sentence(s) not used in computing the criminal history category (e.g., sentences for foreign and tribal offenses);

(b) prior sentence(s) of substantially more than one year imposed as a result of independent crimes committed on different occasions;

(c) prior similar misconduct established by a civil adjudication or by a failure to comply with an administrative order;

(d) whether the defendant was pending trial or sentencing on another charge at the time of the instant offense;

(e) prior similar adult criminal conduct not resulting in a criminal conviction.