**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Michael R. BAKER, Defendant–
Appellant.**

No. 01–2427, 01–2428.

United States Court of Appeals,
Seventh Circuit.

Submitted Feb. 6, 2002.

Decided Feb. 11, 2002.

Before BAUER, KANNE, DIANE P. WOOD, Circuit Judges.

## ORDER

After Michael Baker's arrest on federal fraud charges, local authorities executing a search warrant found a gun in his residence. Baker resolved both matters by pleading guilty to a pending count of bank fraud. 18 U.S.C. § 1344, and at the same time waiving indictment and pleading guilty to an information charging him with possession of a firearm by a felon. 18 U.S.C. § 922(g)(1). The district court sentenced Baker to concurrent 64–month terms of imprisonment. Baker's appointed counsel then filed a notice of appeal, which because of the separate indictment and information this court twice docketed as consolidated appeals no. 01–2427 and no. 01–2428. Baker's counsel, unable to discern a nonfrivolous issue to argue in this court, now moves to withdraw in accordance with *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967). Baker was notified of his attorney's motion, *see* Cir. R. 51(b), but did not respond. Counsel's supporting *Anders* brief is facially adequate, so we confine our review to the potential issues discussed in that submission. *United States v. Tabb*, 125 F.3d 583, 584 (7th Cir.1997). Because we agree that the potential issues counsel identifies are frivolous, we grant his motion to withdraw and dismiss Baker's appeals.

■ Counsel first discusses whether on appeal Baker might argue that his guilty pleas were not knowing and voluntary.

Having reviewed the transcript from the plea colloquy, we agree with counsel that the district court substantially complied with Rule 11 of the Federal Rules of Criminal Procedure. The district court first determined Baker's competency to enter a plea, and then explained to Baker the charges he was pleading guilty to, the potential penalties, and the rights he was giving up. The district court also determined that Baker had not been coerced or forced into pleading guilty, and concluded that the government had a satisfactory factual basis for the pleas. Baker agreed with the factual basis offered by the government, and did not question the validity of his pleas in the district court. Therefore, we agree that an appeal on this issue would be frivolous.

Counsel next discusses two potential issues relating to Baker's concurrent prison terms: an upward departure based on identity theft and an upward departure based on criminal history. We review upward departures by the district court for abuse of discretion. *See United States v. King*, 150 F.3d 644, 649–50 (7th Cir.1998).

■ First, the district court, after completing the offense-level and criminal-history calculations under the guidelines, determined that Baker's conduct warranted an upward departure equivalent to a two-level increase in the offense level because Baker had engaged in identity theft. The district court sentenced Baker under the 1998 guidelines, but observed that the 2000 guidelines added an aggravating factor and two-level point increase for identity theft. *See* U.S.S.G. § 2F1.1(b)(5)(C). While observing correctly that sentencing Baker under the 2000 guidelines would raise ex post facto concerns, the district court correctly determined that the subsequent addition of an aggravating element may provide evidence that a previous version of

the guidelines did not adequately consider that factor. *See United States v. Coe,* 220 F.3d 573, 578 (7th Cir.2000). The court correctly determined that later amendments to the guidelines can also be considered in assessing the appropriate degree of departure, *see id.,* and therefore referred to new § 2F1.1(b)(5)(C) in adding two levels. Because the district court determined that the 1998 guidelines did not adequately address the issue of identity theft, we agree with counsel that a challenge to the upward departure would be frivolous. *See id.*

■■■ The district court also departed upward the equivalent of two offense levels after concluding that Baker's criminal history calculation did not adequately represent his past conduct or likelihood of future criminal activity. *See* U.S.S.G. § 4A1.3. The district court focused on the following facts in departing upward: (1) Baker had a number of similar pending charges against him that were not calculated in his offense level; (2) he committed the current offenses while on pretrial release from other pending charges; (3) a number of Baker's previous convictions were not factored into his criminal history assessment because of the age of the offenses and because he had more than four one-point convictions; and (4) he had no legitimate income and lived off of illegal schemes for at least four years prior to his convictions underlying these appeals. In circumstances such as Baker's, where defendants display a history of similar past criminal conduct not factored in the criminal history determination, an upward departure may be warranted. *See United States v. Ewing,* 129 F.3d 430, 438 (7th Cir.1997). Moreover, when defendants who warrant upward departure are already in the highest criminal history category, as Baker was here, the test of how much to depart is one for reasonableness.

*See United States v. Schmude,* 901 F.2d 555, 560 (7th Cir.1990). Because of the significant amount of evidence demonstrating the inadequacy of Baker's criminal history calculation, Baker could not demonstrate that the district court was unreasonable in departing upward the equivalent of two offense levels. *See United States v. Peterson,* 256 F.3d 612, 615–16 (7th Cir.2001). Therefore, we agree with counsel that this issue would be frivolous on appeal.

Accordingly, we GRANT counsel's motion and DISMISS the appeals.