# In the
# United States Court of Appeals
## For the Seventh Circuit

No. 01-3670

UNITED STATES OF AMERICA,

*Plaintiff-Appellee,*

*v.*

RALPH WAYNE ANGLE,

*Defendant-Appellant.*

Appeal from the United States District Court
for the Northern District of Indiana, Hammond Division.
No. 98 CR 37—**Rudy Lozano**, *Judge.*

ARGUED SEPTEMBER 17, 2002—DECIDED JANUARY 10, 2003

Before COFFEY, EVANS, and WILLIAMS, *Circuit Judges.*

WILLIAMS, *Circuit Judge.* Ralph Wayne Angle was convicted of receiving and possessing child pornography and using interstate commerce to entice a child under 18 years old to engage in a sexual act. *See* 18 U.S.C. §§ 2252(a), 2422(b). On appeal this court affirmed the conviction but vacated his sentence. *See United States v. Angle*, 234 F.3d 326, 347 (7th Cir. 2000) (*"Angle I"*). On remand, the district court sentenced Angle to 325 months, finding that he was likely to repeat his crimes and was more comparable to a career criminal due to his past history. Angle appeals. Because the district court did not make sufficient reliability findings and did not explain why Angle was more comparable to a career criminal than any other criminal, we vacate the sentence and remand for resentencing.

## I. BACKGROUND

Angle was first sentenced to 325 months[1] for the three counts related to child pornography and solicitation in 1999. When the district court initially sentenced Angle, it imposed several enhancements and an upward departure to Angle's baseline sentence.[2] *See Angle I*, 234 F.3d at 333, 344-46. The district court reasoned that criminal history category II did not adequately reflect the seriousness of Angle's criminal behavior and there was a likelihood that he would commit further crimes. *Id.* at 333. Angle appealed.

In *Angle I*, we vacated the sentence for receiving child pornography and remanded for resentencing, finding that the district court neglected to explain why Angle's criminal history was more comparable to the criminal histories found in a higher category than category II. *Id.* at 344. On remand, the district court imposed a five-level upward departure without ruling on the reliability of uncorroborated molestation allegations and did not explain why Angle's criminal history was more comparable to category VI, a career criminal.[3] Accordingly, we vacate and remand for resentencing.

---

[1] The district court sentenced Angle to concurrent prison terms of 325 months on Count I (receiving child pornography) and 120 months on each of Counts II (possessing child pornography) and III (soliciting a minor).

[2] Angle's sentence was increased from 151-188 months to 325 months.

[3] It is unclear whether the district court imposed a five-level enhancement and an upward departure or simply imposed a five-level upward departure to Angle's baseline criminal history category and his offense level. Angle argues that the court imposed an enhancement and an upward departure, while the government argues that the district court simply imposed an upward departure. Because the court made no specific findings concerning an enhancement, we assume that the district court imposed a five-level upward departure.

## II. ANALYSIS

When examining the district court's imposition of an upward departure, we review the factual findings underlying the departure for clear error and whether the degree of departure is linked to the structure of the sentencing guidelines for abuse of discretion. *See United States v. Cross*, 289 F.3d 476, 478 (7th Cir. 2002); *United States v. Peterson*, 256 F.3d 612, 614 (7th Cir. 2001). Although deferentially reviewed, the district court must explain its departure by assigning "some value" for each ground of departure. *See United States v. Tai*, 994 F.2d 1204, 1214 (7th Cir. 1993) (the court must explain factors in defendant's history not accounted for by the guidelines that make the defendant more comparable to a criminal in a higher category and then assign some value to each ground of departure).

The sentencing guidelines authorize an upward departure when *reliable evidence* indicates that the criminal history category does not adequately reflect the seriousness of the defendant's past criminal conduct or there is a high likelihood of recidivism. U.S.S.G. § 4A1.3. In this case, the government offered evidence in the presentence report that Angle had sex with a fourteen-year-old boy in Georgia, possessed child pornography from Mexico, sent a Valentine's Day card to a child he met at a gym, took a shower with an unrelated twelve-year-old boy, and molested numerous children. The district court did not make findings regarding the reliability of this evidence. Instead, the court simply relied on the evidence submitted including the uncorroborated allegations that Angle molested numerous children—his girlfriend's daughter, his niece and nephew, and children in Mexico. The only evidence offered regarding Angle's molestation of family members was a letter from the wife of Angle's nephew. The letter described these incidents of molestation by Angle but did not offer any specific details about the alleged incident.

Moreover, the only evidence concerning Angle's behavior in Mexico was a videotape of children committing lewd acts in which Angle did not appear. Because these alleged incidents of molestation are uncorroborated, the district court was required to make specific findings regarding the reliability of the evidence before it used the evidence to support an upward departure. *See United States v. Ruffin*, 997 F.2d 343, 346 (7th Cir. 1993). Without such findings none of the evidence may be used to support the upward departure. *Id.*; U.S.S.G. § 4A1.3.

Furthermore, we have ruled on several occasions that when the district court applies an upward departure it must analogize the factors it identified as grounds for departure to similar offenses contained within the guidelines and link the factors to the degree of the departure. *See Cross*, 289 F.3d at 478; *Peterson*, 256 F.3d at 614; *Tai*, 994 F.2d at 1214. However, the district court did not assign "some value" for each ground of departure. *See Tai*, 994 F.2d at 1214. Instead, the district court found that Angle was more comparable to a category VI criminal without discussing whether Angle had committed three crimes of violence, a required element of a category VI criminal. *Id.* Additionally, the court did not explain why Angle was more comparable to a category VI criminal than a category II or III criminal. It is not enough that Angle meets most of the criteria for a career criminal; the court must employ a step-by-step process when imposing an upward departure to determine the most comparable criminal history category that applies to the defendant. *See United States v. Croom*, 50 F.3d 433, 435 (7th Cir. 1995); *Ruffin*, 997 F.2d at 346. Because the court did not follow the step-by-step process in imposing the upward departure or make reliability findings about the uncorroborated evidence, this case must be remanded. *See Cross*, 289 F.3d at 478-79; *Tai*, 994 F.2d at 1214.

### III. CONCLUSION

For the foregoing reasons, we VACATE Angle's sentence and REMAND the case for further proceedings consistent with this opinion. Circuit Rule 36 shall apply on remand.

A true Copy:

  Teste:

       _____
       *Clerk of the United States Court of*
       *Appeals for the Seventh Circuit*