**UNPUBLISHED ORDER**
Not to be cited per Circuit Rule 53

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois  60604**

Submitted April 26, 2005
Decided April 27, 2005

**Before**

Hon. JOHN L. COFFEY, *Circuit Judge*

Hon. TERENCE T. EVANS, *Circuit Judge*

Hon. DIANE S. SYKES, *Circuit Judge*

No. 04-4107

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>    *Plaintiff-Appellee*,<br><br>    *v.*<br><br>TIMOTHY A. PELASKY,<br>    *Defendant-Appellant*. | Appeal from the United States District Court for the Southern District of Indiana, Indianapolis Division<br><br>No. 1:04CR00110-001<br><br>John Daniel Tinder,<br>*Judge*. |

**O R D E R**

Timothy Pelasky pleaded guilty to one count of possessing five or more false identification documents, *see* 18 U.S.C. § 1028(a)(3), and one count of possessing a document-making implement, *see id.* § 1028(a)(5), and was sentenced to two concurrent terms of 27 months' imprisonment, restitution of $14,746, and three years' supervised release. Pelasky filed a notice of appeal, but his appointed counsel—who contends that there are no nonfrivolous issues to argue on appeal—now seeks permission to withdraw. *See Anders v. California*, 386 U.S. 738 (1967). Pelasky received notice that he could respond to his counsel's *Anders* brief, *see* Cir. R. 51(b), but he did not do so. Because counsel's brief is facially adequate, we review only the potential issues that counsel identifies in his brief. *See United States v. Schuh*, 289 F.3d 968, 973–74 (7th Cir. 2002). We agree with counsel that those potential issues would be frivolous, and so we grant the motion to withdraw and dismiss the appeal.

In April 2004, Pelasky fled the scene of an auto accident in Marion County, Indiana, and then led police on an 11-mile high-speed auto chase. When arresting officers finally caught Pelasky, they found in his car more than a dozen fake identification cards, a computer with other people's personal bank information, driver's license templates for hundreds of individuals, and the means to counterfeit driver's licenses for several different states. Later investigation showed that Pelasky had written almost $15,000 in fraudulent checks.

Since Pelasky pleaded guilty while *United States v. Booker*, 125 S. Ct. 738 (2005), was pending, the district court declared that it would impose Pelasky's sentence using the factors in 18 U.S.C. § 3553(a) for guidance and treating the guidelines as merely advisory. At sentencing the judge grouped both counts (possession of the false identification documents and possession of the document-making implement) and started with a base offense level of six under U.S.S.G. § 2B1.1(a)(2). Then he added four levels because the victims' losses were over $10,000, *see id.* § 2B1.1(b)(1)(C), two levels because there were more than ten victims, *see id.* § 2B1.1(b)(2)(A), two more for possessing or using "device-making equipment" or possessing "5 or more means of identification that unlawfully were produced from, or obtained by the use of, another means of identification," *id.* § 2B1.1(b)(10) (formerly § 2B1.1(b)(9)), and a final two for Pelasky's reckless flight, *see id.* § 3C1.2. Next, the judge subtracted three levels for acceptance of responsibility, *see id.* § 3E1.1, to reach an adjusted offense level of 13. Additionally, the judge departed upward because he concluded that Pelasky's four criminal history points and resulting category III history substantially understated his actual criminal history and the likelihood that he would commit further crimes. The judge noted that Pelasky had pending state charges in several Ohio cases involving drunk driving and fleeing, but Pelasky ducked trial in all those cases. (The charges of flight rose to the level of a felony in at least one instance.) The judge reasoned that the guidelines did not adequately address Pelasky's evasion of responsibility for these crimes and declared that Pelasky's behavior demonstrated a strong likelihood of recidivism. Therefore, the judge effectively applied a criminal history category of IV, producing a range of 24 to 30 months. The judge opted for the high end but cut the term to 27 months to account for three months Pelasky had already served on an Indiana sentence for resisting arrest and recklessness arising from the high-speed chase in Marion County.

Counsel informs us that Pelasky does not want to withdraw his guilty pleas, so, appropriately, the lawyer has not tried to identify potential issues relating to the plea colloquy or the voluntariness of those pleas. *See United States v. Knox*, 287 F.3d 667, 671–72 (7th Cir. 2002). Instead, the potential issues counsel identifies pertain to sentencing only.

Counsel first asserts that it would be frivolous for Pelasky to argue that the several guideline adjustments had to be alleged in the indictment. Although the Supreme Court in *Booker* held that the sentencing guidelines violated the Sixth Amendment when applied as a mandatory regime, it remedied the problem by rendering the guidelines advisory. *See Booker*, 125 S. Ct. at 764–66. In so holding, the Court expressly rejected a remedy that would have required that all facts necessary for sentencing be alleged in the indictment. *See id.* at 761–62. Therefore, we agree with counsel's assessment.

We also agree that it would be pointless for Pelasky to pursue the "double-counting" objection he pressed at sentencing. Double-counting occurs only if the same conduct is used to justify more than one adjustment of the defendant's sentence. *See United States v. White*, 222 F.3d 363, 375–76 (7th Cir. 2000); *United States v. Manchillas*, 183 F.3d 682, 710 (7th Cir. 1999). That was not the case here, because the conduct at issue was used to impose only one upward adjustment. Moreover, the base offense level with which the judge started does not already account for the conduct targeted by that adjustment, because that base offense level applies to variety of general property crimes and was not tailored to Pelasky's crimes. *See* U.S.S.G. § 2B1.1 intro. cmt. Thus, Pelasky's situation is unlike cases in which the sentencing guidelines expressly prohibit the application of specific adjustments where they are an essential element of the offense of conviction. *Cf. United States v. Sonsalla*, 241 F.3d 904, 908–09 (7th Cir. 2001) (prohibiting the application of § 3B1.3 for abuse of trust when abuse of trust is an element of the offense). Regardless, even if we assume Pelasky could argue that the adjustment would not apply if it duplicated elements of the offenses of conviction, the elements of the statutory offense and the adjustment differ. Whereas Pelasky pleaded guilty to possessing five or more "identification documents," *see* 18 U.S.C. § 1028(a)(3), the adjustment addresses possession of five or more "means of identification"—which does not refer to documents but rather to personal identifiers like social security numbers, *see id.* § 1028(d)(7); furthermore, unlike § 1028(a)(3), the adjustment targets conduct like identity theft for the purpose of creating new means of identification. *See United States v. Melendrez*, 389 F.3d 829, 830 (9th Cir. 2004); *United States v. Williams*, 355 F.3d 893, 900 (6th Cir. 2003).

Counsel is also correct that Pelasky has no argument that the district court abused its discretion by upwardly departing to account for the pending Ohio charges for drunk driving and felony fleeing. Indeed, the sentencing guidelines authorize a departure where "the defendant was pending trial or sentencing on another charge at the time of the instant offense." U.S.S.G. § 4A1.3(a)(2)(D). Here, the court—based on extensive descriptions of the pending Ohio charges in the presentence report—found that it was "very likely" that Pelasky would have been incarcerated for an extensive period on at least some of those charges, especially considering that he evaded trial. The court thus properly applied the guidelines,

and its explanation provides a sufficient basis for review of its decision.  *See United States v. Peterson*, 256 F.3d 612, 614–15 (7th Cir. 2001); *United States v. De Angelo*, 167 F.3d 1167, 1169–70 (7th Cir. 1999).

Finally, we agree with counsel that it would be frivolous to ask for a limited remand under *United States v. Paladino*, 401 F.3d 471, 483–84 (7th Cir. 2005).  The district court anticipated the outcome of *Booker*, and thus did not err.  *See Booker*, 125 S. Ct. at 764–66; *United States v. George*, No. 04-3099, 403 F.3d 470, 2005 WL 746552, at *2 (7th Cir. Apr. 4, 2005).

For the foregoing reasons, we GRANT counsel's motion to withdraw and DISMISS Pelasky's appeal.