**UNPUBLISHED ORDER**
Not to be cited per Circuit Rule 53

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Argued October 19, 2005
Decided November 10, 2005

**Before**

Hon. DANIEL A. MANION, *Circuit Judge*

Hon. ILANA DIAMOND ROVNER, *Circuit Judge*

Hon. DIANE P. WOOD, *Circuit Judge*

No. 05-1333

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>    *Plaintiff-Appellee,*<br><br>        *v.*<br><br>RONALD D. TIEDE,<br>    *Defendant-Appellant.* | Appeal from the United States District Court for the Northern District of Indiana, South Bend Division<br><br>No. 3:04 CR 75(01)<br><br>Robert L. Miller, Jr.<br>*Chief Judge.* |

**O R D E R**

Ronald Tiede pleaded guilty to lying to a licensed firearms dealer, 18 U.S.C. § 922(a)(6), and on January 25, 2005 he was sentenced to 16 months' imprisonment, at the top of a properly calculated guidelines range. Tiede's sole argument on appeal is that the length of his sentence is unreasonable.

In January 2004, Tiede was arrested in Clinton County, Indiana while driving near the home of his ex-girlfriend Melissa Moon (now Melissa Baker) and her husband, David Baker, in violation of a restraining order against him; police found a stolen .22 caliber rifle and ammunition in the trunk of his car. Tiede had

been harassing the Bakers for nearly two months, and for this the state charged him with felony stalking, felony intimidation, receipt of stolen property, and invasion of privacy. After serving three months in jail he was released on bond, but the charges in Clinton County remained pending, as did criminal charges in both Carroll County and White County. While on release, Tiede attempted to purchase another firearm and lied on ATF 4473 form. First he denied being under criminal information in any court for a felony, and second he stated that he was not subject to a restraining order from harassing, stalking, or threatening an intimate partner.

Tiede was charged with making false statements to a licensed firearms dealer in connection with the attempted acquisition of a gun in violation of 18 U.S.C. § 922(a)(6). He pleaded guilty without the benefit of a plea agreement. At sentencing the district court assigned Tiede a base offense level of 14 and reduced this by 2 for his acceptance of responsibility. At criminal history category I, the guidelines' recommended range was 10-16 months, and the district court sentenced him at the top of the range. *See also* 18 U.S.C. § 924(a)(2) (10-year maximum statutory penalty). In arriving at this sentence, the district court explicitly relied on factors outlined in 18 U.S.C. § 3553(a) including the nature of his offense, his prior criminal history, and the need to protect the public.

There is no challenge to the district court's sentencing range calculation. Instead Tiede argues that his sentence is unreasonably long in violation of *United States v. Booker*, 125 S. Ct. 738 (2005). Because Tiede's sentence lies within a properly calculated guideline range, it is presumptively reasonable. *United States v. Mykytiuk*, 415 F.3d 606, 608 (7th Cir. 2005). To overcome this presumption, Tiede must show that his sentence is unreasonable when measured against the factors outlined in § 3553(a). *Id.*

Tiede argues that the sentencing court gave undue weight to the pending state criminal charges. He suggests that the district court improperly treated his false statement more severely than it would a less extensive lie, because charges were pending on four criminal actions in three counties. He contends that the number of charges pending has no bearing on the gravity of the offense. He further argues that because the state had not yet acted on those charges the district court should have acquiesced and allowed the state to adjudicate his pending charges and impose its own punishment. But sentencing courts are not so limited in their consideration of a defendant's background and prior conduct. *See* 18 U.S.C. § 3661. Judges may consider increasing a sentence based on pending criminal charges, or even charges of which the defendant has been acquitted. *United States v. Peterson*, 256 F.3d 612, 615 (7th Cir. 2001); *United States v. Short*, 4 F.3d 475, 479 (1993). One of the factors a district court must consider is the nature and circumstances of the offense. 18 U.S.C. § 3553(a)(1). And here the district court properly considered

the nature of the pending state charges that Tiede concealed from the gun dealer. Tiede's pending felony charges, the fact that one county banned his presence entirely, and that he violated a restraining order hundreds of times, are circumstances that aggravate his offense and justify the district court's decision to impose a high guidelines' sentence.

Tiede also argues that the district court erroneously justified the sentence based on the need to protect the public, despite his low criminal history score and his lack of criminal activity while on bond for four months prior to sentencing. The district court considered imposing a sentence above the guidelines, but found that Tiede's good behavior while on bond partially mitigated the risk he posed to the public and concluded that a sentence above the guidelines' range could not be justified in the name of protecting the public. Given Tiede's conduct before being arrested, his overall sentence is not unreasonable.

For the foregoing reasons Tiede's sentence is AFFIRMED.