UNPUBLISHED ORDER
Not to be cited per Circuit Rule 53

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois  60604**

Submitted February 17, 2006[*]
Decided February 23, 2006

**Before**

Hon. THOMAS E. FAIRCHILD, *Circuit Judge*

Hon. FRANK H. EASTERBROOK, *Circuit Judge*

Hon. TERENCE T. EVANS, *Circuit Judge*

No. 05-1497

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>  *Plaintiff-Appellee*,<br><br>  *v.*<br><br>SHELDON BRYANT,<br>  *Defendant-Appellant*. | Appeal from the United States District Court for the Southern District of Illinois<br><br>No. 4:03CR40069-001-JPG<br><br>J. Phil Gilbert,<br>*Judge*. |

**O R D E R**

In August 2005 we denied a motion by Sheldon Bryant's appointed counsel to withdraw under *Anders v. California*, 386 U.S. 738 (1967).  Bryant had pleaded guilty to conspiracy to possess and distribute crack, 21 U.S.C. §§ 846, 841(a)(1), and was sentenced to 132 months' imprisonment.  In our order, we held that there was a nonfrivolous issue for appeal: the sentencing judge assessed Bryant a criminal history point for a 1994 firearms conviction even though he was under age eighteen at the time and did not meet the criteria of U.S.S.G. § 4A1.2(d) for counting juvenile offenses.  Counsel felt that the conviction was significant only insofar as it

---

[*]After an examination of the briefs and the record, we have concluded that oral argument is unnecessary.  Thus, the appeal is submitted on the briefs and the record. *See* Fed. R. App. P. 34(a)(2).

precluded "safety valve" relief, 18 U.S.C. § 3553(f); U.S.S.G. §§ 5C1.2, 2D1.1(b)(7), and that because other factors also stood in the way any error would be harmless. We pointed out, however, that the error also bumped Bryant from criminal history category I to category II, which carried a higher sentencing range. Bryant's sentence of 132 months fell within both ranges, but the district judge did not state that he would have imposed the same sentence without the extra point; and anyway, a misapplication of the guidelines after *United States v. Booker*, 543 U.S. 220 (2005), is still a reversible error, *United States v. Scott*, 405 F.3d 615, 617 (7th Cir. 2005), and can be even under plain error review, *United States v. Baretz*, 411 F.3d 867, 877 (7th Cir. 2005).

Bryant's counsel has now submitted a merits brief pressing these points, and the government concedes the error: the juvenile conviction should not have been counted, and therefore the district court should have considered the lower guideline range when imposing sentence. *See United States v. Spears*, 159 F.3d 1081, 1088 (7th Cir. 1998); *United States v. Croom*, 50 F.3d 433, 435 (7th Cir. 1995). We therefore VACATE the sentence and REMAND for resentencing—although we note that the district court is free to impose the same sentence if it wishes.