NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Argued October 4, 2006
Decided January 25, 2007

**Before**

Hon. JOHN L. COFFEY, *Circuit Judge*

Hon. TERENCE T. EVANS, *Circuit Judge*

Hon. ANN CLAIRE WILLIAMS, *Circuit Judge*

No. 05-2486

| | |
|---|---|
| UNITED STATES OF AMERICA, *Plaintiff-Appellee*, | Appeal from the United States District Court for the Northern District of Indiana, Hammond Division |
| *v.* | No. 98 CR 37 |
| RALPH W. ANGLE, *Defendant-Appellant*. | James T. Moody, *Judge*. |

**O R D E R**

This is the third time Ralph Angle appeals his sentences for receiving and possessing child pornography and soliciting sex with a minor. Twice before we remanded for resentencing because the district court did not establish the reliability of evidence used to justify an overall sentence well above the guidelines range. Because on remand the district court once again failed to follow our directive to make reliability findings with respect to the evidence used to justify Angle's sentence and because it used the same evidence to justify both an upward adjustment under the pattern and practice guideline, *see* U.S.S.G. § 2G2.2(b)(5), and an above-range sentence, we vacate and remand.

## Background

Angle was convicted after a bench trial before Judge Lozano of one count of attempting to receive child pornography, 18 U.S.C. § 2252(a)(2), one count of possession of child pornography, *id*. § 2252(a)(4)(B), and one count of using interstate commerce to persuade, induce, entice, or coerce a minor to engage in an illegal sexual act, *id*. § 2422(b). Judge Lozano originally sentenced him in 1999 to concurrent terms of 325 months' imprisonment on the receiving count and 120 months each on the other two counts, an overall sentence above the guidelines range. In departing from the guidelines, Judge Lozano considered a 1977 conviction for sodomy that was too old to be counted in Angle's criminal history score. The sentencing court also referred vaguely to criminal history that it couldn't consider "because there was not a conviction." Evidently the court was referring to testimony from these government witnesses: a postal inspector testified that a teenage boy in Georgia reported having sex with Angle; an employee at an Indiana gym testified that she received complaints from parents about Angle approaching their sons at the gym; and an Indiana police officer testified that a parent reported that Angle had showered with her son after meeting him at the gym. The following year, we vacated the sentences and remanded for resentencing because the district court did not explain how the degree of its upward departure was linked to the structure of the guidelines. *United States v. Angle*, 234 F.3d 326, 344 (7th Cir. 2000).

At the resentencing hearing in 2001, Judge Lozano again imposed an overall sentence of 325 months' imprisonment—well above the guidelines range of 97 to 121 months. The court justified its departure above the guidelines range by referring to Angle's extensive history of inappropriate contact with children including the incidents and evidence presented at the original sentencing. In addition, the court found that Angle had molested his nephew, niece, and girlfriend's daughter and traveled to Mexico to have sex with children. The government introduced some new evidence including a letter from the wife of Angle's nephew, who asserted that Angle had molested several of his young relatives. The government also introduced an email in which Angle brags about having sex with "Tommy," the name of the boy he allegedly molested in Georgia. Finally, the postal inspector testified that he had viewed videotapes found in Angle's possession that depict Mexican boys performing sex acts (Angle does not appear in the videos) and that Angle's accomplice in the Mexico trip told him that Angle had been involved in producing the tapes.

We vacated and remanded for the second time in 2003, this time holding that the district court had not made reliability findings regarding the evidence used to justify the upward departure. *United States v. Angle*, 315 F.3d 810, 812-13 (7th Cir. 2003). We expressed particular concern that the district court had relied on uncorroborated allegations that Angle had molested numerous children including "his girlfriend's daughter, his niece and nephew, and children in Mexico." *Id*. at 813. For example, we pointed out that the only evidence supporting the allegations that Angle

molested family members was a letter by the wife of Angle's nephew who did not provide specific details about the incidents. *Id.* In addition, we noted that the only evidence of Angle's activities in Mexico was "a videotape of children committing lewd acts in which Angle did not appear." *Id.* We concluded that "because these alleged incidents of molestation are uncorroborated, the district court was required to make specific findings regarding the reliability of the evidence before it used the evidence to support an upward departure." *Id.* At our direction, *see* Cir. Rule 36, the case was reassigned to Judge Moody on remand.

Judge Moody held a second resentencing hearing in the spring of 2004. This time the government introduced one new piece of evidence: the testimony of Karen S., whom Angle allegedly molested while he was dating her mother. The court continued the proceedings, however, to await the outcome of *United States v. Booker*, 543 U.S. 220 (2005). When Judge Moody finally pronounced sentence in May 2005, the court imposed 300 months on the receiving count (instead of 325 months as before) and reimposed the concurrent 120-month sentences on the other two counts. It is this sentence that Angle now appeals.[1]

**Analysis**

Angle makes several arguments challenging the length of his sentence, but his strongest one is that the district court again failed to make reliability findings with respect to the evidence used to justify a sentence above the guidelines range. District courts are required to follow this court's instructions on remand, *see United States v. White*, 406 F.3d 827, 831 (7th Cir. 2005); *United States v. Buckley*, 251 F.3d 668, 669 (7th Cir. 2001); *Waid v. Merrill Area Pub. Sch.*, 130 F.3d 1268, 1272 (7th Cir. 1997), but Judge Moody did not adhere to the panel's instructions regarding reliability findings.

At the second resentencing, Judge Moody relied on much the same evidence that Judge Lozano used to justify the upward departure imposed at Angle's first resentencing. Specifically, the court again considered allegations that Angle

---

[1]The day after oral argument, counsel for Mr. Angle notified us by letter that he had advised his client of the possibility that he could face a higher sentence if his case is remanded yet again for resentencing. Assuming no change in calculation, the Guidelines range for Mr. Angle's offenses under the current version of the Guidelines is substantially higher than the range that he has faced to this point. The government has advised us that Mr. Angle will be resentenced under the Guidelines currently in effect; after *United States v. Demaree*, 459 F.3d 791 (7th Cir. 2006), *petition for cert. filed*, No. 06-8377 (U.S. Dec. 11, 2006), this would not offend the *ex post facto* clause. Although counsel stated that Mr. Angle was "evaluating his options," he has not withdrawn his appeal.

molested his girlfriend's daughter, had sex with a teenage boy in Georgia, and pursued children at a gym in Indiana. The court also continued to rely on Angle's activities with Mexican children. Although the court no longer asserted that Angle had traveled to Mexico to have sex with children, it concluded that Angle had made videos of Mexican children performing sexual acts. The court did not explain why any of the evidence it considered was reliable and, with the exception of Karen S.'s testimony, no new evidence was presented to bolster any of these allegations of inappropriate contact with children.

The Supreme Court's decision in *Booker* did not render our instructions in the previous remand moot. Although *Booker* made the sentencing guidelines advisory and thus made it easier for district courts to sentence defendants outside the guidelines range, courts still must provide reasons for an above-range sentence that are connected to the factors in 18 U.S.C. § 3553(a). *See United States v. Rodriguez-Alvarez*, 425 F.3d 1041, 1046 (7th Cir. 2005), *petition for cert. filed*, No. 05-8615 (U.S. Jan. 5, 2006); *United States v. George*, 403 F.3d 470, 472-73 (7th Cir.), *cert. denied*, 126 S. Ct. 636 (2005). Furthermore, the need for the court's sentencing decisions to be based on reliable evidence has not changed. *See United States v. Birk*, 453 F.3d 893, 899 (7th Cir. 2006); *United States v. Sliman*, 449 F.3d 797, 802 (7th Cir. 2006) (citing U.S.S.G. § 6A1.3(a)); *see also United States v. Krueger*, 415 F.3d 766, 779 (7th Cir. 2005).

Tellingly, the government has never attempted to argue that Judge Moody made reliability findings. Instead it has argued that he was not required to because Angle did not contest the fact that the various incidents used to support the sentences occurred. Regardless of whether this is an accurate characterization of the record, the government's argument cannot be sustained. Our previous opinion instructing the district court to make reliability findings was the law of the case. Neither the district court nor the government is permitted to ignore it simply because they think it was erroneous. *See Buckley*, 251 F.3d at 669 (appellate court's ruling binds district court on remand absent "extraordinary circumstances"). Therefore the district court's failure to make reliability findings with respect to Angle's uncharged conduct requires a remand.

In addition, as Angle points out, the district court used much of this same conduct both in calculating his offense level, *see* U.S.S.G. § 2G2.2(b)(5) (formerly § 2G2.2(b)(4)) (providing for a five-level upward adjustment for defendants who exhibit a pattern of sexual abuse) and in justifying a sentence above the guidelines range. In particular, the court used Angle's activities in Georgia and at the gym in Indiana to justify the upward adjustment under § 2G2.2(b)(5). The court also used Angle's 1977 conviction and an additional conviction from the 1980s for molesting a nephew to justify the adjustment even though these convictions were also used in the second resentencing to justify an above-range sentence. This sort of double-counting is permissible under the guidelines but only if the pattern-of-activity

adjustment does not adequately take account of the seriousness of the defendant's conduct.  *See* U.S.S.G. § 2G2.2, cmt. n.6; *United States v. McCaffrey*, 437 F.3d 684, 688-89 (7th Cir. 2006) (upholding district court's decision to impose both § 2G2.2(b)(5) adjustment and an adjustment for failure of criminal history category to adequately reflect defendant's criminal history when defendant molested dozens of children while a priest); *United States v. Griffith*, 344 F.3d 714, 718-19 (7th Cir. 2003) (upholding district court's decision to impose both § 2G2.2(b)(5) adjustment and upward departure when defendant possessed pornographic photographs that were the worst judge had ever seen in his 35-year legal career).

The district court did not explain why the incidents it used to justify the § 2G2.2(b)(5) adjustment are serious enough to also justify a 300-month sentence, and this is yet another one of Angle's arguments that the government does not squarely counter.  Although Angle was related to one of his victims, he is not comparable to a priest who uses his religious position to hide his activities.  The district court has also not suggested that there is anything unusual about the incidents that makes them more egregious than sexual exploitation of children generally.  The district court may not use these incidents to support an above-range sentence on remand unless it gives a detailed explanation of why it thinks they were not sufficiently accounted for by the § 2G2.2(b)(5) adjustment.  For our part, however, we do not see anything in this record, even after three sentencing hearings, to suggest that these incidents were so serious that they could justify both a § 2G2.2(b)(5) adjustment and a sentence significantly above the guidelines range.

The rest of Angle's arguments are without merit, but one deserves mention for the sake of clarifying the proper procedure for the district court to follow on remand.  Angle challenges the district court's decision to allow the government to present additional evidence of his history of improper contact with children, namely Karen S.'s testimony, at his resentencing.  Indeed the district court did exclude some of the government's evidence on the basis of our decision in *United States v. Wyss*, 147 F.3d 631, 633 (7th Cir. 1998), which holds that the government is not entitled to a second chance to meet its burden of proof on remanded sentencing issues.  Karen S's testimony was permitted on the ground that the government was unable to locate her before the earlier sentencing hearings.  This decision by the district court is questionable.  Other cases in this circuit have cited *Wyss* for the proposition that the government may not submit additional evidence on remand to meet its burden of proof.  *See United States v. Roach*, 372 F.3d 907, 909 (7th Cir. 2004), *vacated on other grounds*, 543 U.S. 1180 (2005); *United States v. Noble*, 367 F.3d 681, 682 (7th Cir. 2004); *United States v. Sumner*, 325 F.3d 884, 888 (7th Cir. 2003).

But *Wyss* itself relies for its holding on *United States v. Wilson*, 131 F.3d 1250 (7th Cir. 1997), a case in which the government did more than simply introduce new evidence on remand.  It made a completely new argument to justify

increasing Wilson's offense level. *Id*. at 1253. The government in Angle's case was not attempting to make a new argument for increasing Angle's sentence by introducing Karen S's testimony. It was introducing new evidence to support the same argument it had been making all along (that Angle's past conduct with children justifies an above-range sentence).

More importantly, *Wyss* is also inconsistent with, and fails to discuss, an earlier case from this court, *United States v. Polland*, 56 F.3d 776 (7th Cir. 1995). This case, which Angle does not mention, holds that even when a case is subject to a limited remand for resentencing, the district court is still operating on a clean slate in the sense that it can consider *de novo* any open issues. *Id*. at 779. Although we acknowledged in *Polland* that courts are often limited in the issues they may consider on remand, we expressly stated that they may consider any relevant evidence on issues that have been specifically remanded if that evidence could have been heard at the first hearing. *Id*. In addition, the Supreme Court has held that allowing the prosecution another opportunity on remand to prove a sentencing enhancement in a noncapital case does not violate the Double Jeopardy Clause. *Monge v. California*, 524 U.S. 721, 730-34 (1998). This decision is not acknowledged in *Wyss* or the later cases.

We remanded so the district court could make reliability findings on the evidence of Angle's uncharged conduct. By introducing Karen S.'s testimony, the government was attempting to aid the district court in doing that. Therefore, the district court did not err in allowing the government to present Karen S.'s testimony regardless of whether the government could have located her before the earlier sentencing hearings, and the government should not be prevented on remand from submitting additional evidence to support allegations that it has already made regarding Angle's inappropriate conduct with children.

For the above reasons, we VACATE Angle's sentence and REMAND so the district court can make proper reliability findings on the evidence it used to justify its above-range sentence and explain why it believes Angle's past conduct with children justifies both a § 2G2.2(b)(5) adjustment and a sentence above the guidelines range.